PERRY DEDRICK BY NEXT FRIEND, Respondent, v. MIS-
SOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 5, 1886.

1. RAILROADS—MASTER AND SERVANTS—DUTY OF MASTER—KNOWL-
EDGE OF DEFECT.—It is the duty of the master to use reasonable and
ordinary care and foresight in procuring appliances to be used by
those in his employment, and in keeping the same in repair, to the
end that they shall be safe, in being used. The servant has a right
to rely upon the master performing this duty; and knowledge on
the part of the agents of the master, who are intrusted with the
duty of procuring the machinery and keeping it in repair, is to be
attributed to the master.

2. ——— EVIDENCE AS TO KNOWLEDGE OF DEFECT.—The using of ap-
pliances which a reasonable inspection would have shown to be of
a defective character is negligence, and such as is sufficient evi-
dence of the knowledge necessary to liability. Certainly it is prop-
erly submitted to the jury as *tending* to show such knowledge and
negligence.

APPEAL from Cooper Circuit Court, HON. E. L. ED-
WARDS, Judge.

*Affirmed.*

Statement of case by the court.

Plaintiff being a minor sues by his next friend. He
complains that being in the employ of defendant as a sec-
tion hand and while in the performance of his duty with
due care, he was injured while operating a hand car, on
account of the breaking of the lever or "pump handle."
He charges that the handle was defective and decayed
and wholly insufficient for the purposes for which it was
intended to be used. That the defendant knew of the
defect and insufficiency, or, by reasonable precaution and
care, might have known of it, and that he was wholly
ignorant of such defect. The answer affirmed the sound-
ness, safety and sufficiency of the handle.

On trial plaintiff recovered a judgment for $1,400.00 and defendant appeals.

THOMAS G. PORTIS and WILLIAM S. SHIRK, with THOS. J. PORTIS, for the appellant.

I.   The theory of the petition is that defendant was negligent in failing to provide, for the use of its employes, a hand car reasonably safe and sufficient for the purpose, there being a defect in the handle or lever of the car so provided by defendant.   There is no evidence that defendant knew, or had any opportunity to know, unless it can be held that the knowledge of Salin and the foreman, and *their* negligence, can be imputed to the defendant.   There was no negligence on the part of the defendant, or of any agent empowered to act for it, in providing the handle which caused the injury, and there was no case to submit to the jury.   2 Rorer on Railroads 1216 ; 3 Wood's Ry. Law, sect. 370 ; *Siela v. Railroad*, 82 Mo. 435.

II.   The section foreman Doyle, and the other laborer, Salin, were both fellow servants of the plaintiff, and he cannot recover for any acts of negligence on their part.   *Blessing v. Railroad*, 77 Mo. 410 ; *McGowan v. Railroad*, 61 Mo. 528.

III.   Under the evidence in the case he must be held to have had knowledge of defect, *if there was any*, and to have assumed the risk, and for this reason the case should have been taken from the jury.   *Keegan v. Kavanaugh*, 62 Mo. 232 ; *Hulett v. Railroad*, 67 Mo. 239 ; *Porter v. Railroad*, 71 Mo. 78 ; *Nolan v. Shickle*, 3 Mo. App. 300.   The demurrer to the evidence and to the whole case should have been sustained.  ·

DRAFFEN & WILLIAMS, for the respondent.

I.   It was defendant's duty to furnish to its servants good, safe, and properly constructed machinery and implements for carrying on its business.   If it entrusted this duty to the section foreman, and *he* was negligent, it

is the negligence of defendant. *Siela v. Railroad*, 82 Mo. 430; *Lewis v. Railroad*, 59 Mo. 473; *Condon v. Railroad*, 78 Mo. 567; *Covey v. Railroad*, Sup. Ct. Mo. Nov. 16, 1885.

II. The fact that the section foreman, for many purposes, is to be regarded as a fellow servant of plaintiff, does not make him a fellow servant, while exercising the functions of a master, in furnishing or repairing machinery. If the rule was otherwise, a corporation could entirely escape liability by putting a two-fold duty upon its servants appointed to "furnish good machinery and a safe track." The foreman stood in place of defendant in these respects. *Covey's case, supra.*

III. The duty to provide safe machinery is a continuing one. If Doyle was not authorized to repair the defendant was bound to have some one to do it. 2 Thompson on Negl. 984.

IV. The master is chargeable with the knowledge which he might have acquired by the exercise of due care. *Porter v. Railroad*, 71 Mo. 67. The jury were justified in finding as they did, that *plaintiff* had no notice of the defect, and that it was not so patent that he must be held to have known it.

V. It is not incumbent on the employe to search for latent defects in machinery or implements furnished him by the employer. He has the right to assume that they are safe and sufficient for the purpose. *Porter v. Railroad*, 71 Mo. 69; *Covey v. Railroad, supra.*

VI. The evidence fully warranted the finding of the jury. The court properly refused to sustain a demurrer to the evidence, for the evidence fully sustains the verdict of the jury.

ELLISON, J.—The only question presented to us by the appellant is as to the plaintiff's case on the evidence. A demurrer was interposed at the close of plaintiff's testimony which was overruled, and of this, defendant complains.

The evidence tended to show that plaintiff was working the lever in propelling the car, under the direction of the section foreman. That he was doing his duty and on an upward stroke of the lever or handle it broke, causing him to fall off and receive the injury. That the handle was made out of an old tie, which had been used in the track and thrown out as being unfit for further use ; that it was worm eaten and brash, and that a reasonable examination would show it not one-fourth strong enough for the purposes for which it was used by defendant. The evidence further tended to show that plaintiff was not present when the handle was made, and was not then in the employment of the company, and that a casual examination of the handle would not discover what sort of one it was, but a reasonable examination would.

This evidence was ample upon which to submit plaintiff's case to the jury. It has been repeatedly held that it is the duty of the master to use reasonable and ordinary care and foresight in procuring appliances and in keeping the same in repair, to the end that the same shall be safe. Not that he is an insurer of their safety, but that he shall make a reasonably diligent effort to have them safe and to keep them so. The servant has a right to rely upon the master performing this duty. So it is held that knowledge on the part of the agents of defendant, who are intrusted with the duty of procuring the machinery and keeping the same in repair, is to be attributed to the defendant.

But defendant contends that though the evidence shows the section foreman made this handle out of the castaway tie, yet there is nothing connecting the defendant with his knowledge, or showing that it was his duty to supply the handle. It is enough to say of this, that defendant seems to have used the handle from October, when it was made, till the following April, when it broke, and that the evidence tends to show that during any of thi time a reasonable inspection would have discovered its defective character. In the case of *Covey v.*

*Ry. Co.*, Sup. Ct. of Mo., it is said : "There is no direct evidence in this case that the defendant or its agents at any time knew the handle was defective. There is evidence however tending to show that it was made of a bad piece of timber and was defective, and that this would have been discovered by the use of reasonable care and foresight in the construction of the car and its equipments." See, also, *Siela v. Ry. Co.*, 82 Mo. 435.

The case was properly submitted to the jury for their judgment on the facts, and is, therefore, with the concurrence of the other judges, affirmed.