## LONG v. PACIFIC RAILROAD, APPELLANT.

**Railroad :** MACHINERY : NEGLIGENCE : FELLOW SERVANT : PERSONAL INJURY. A railroad company is liable to a brakeman for injuries received in the performance of his duties, through the negligence of the company's inspector of machinery in failing to discover and remedy defects in a brake. The inspector represents the company, and is not a fellow servant of the brakeman.

*Appeal from Cole Circuit Court.*—HON. T. M. RICE, Judge.

This was an action to recover damages for personal injuries sustained by plaintiff while engaged in the service of defendant as brakeman. The evidence tended to show that while plaintiff was in the act of drawing the brake on a freight car, which was in motion, the upright rod broke, the brake wheel came off, and plaintiff fell to the ground and received the injuries complained of; that at the point in the rod where it broke there was a crack, which, however, was concealed; that defendant employed men at different points on its line, whose duty it was to inspect and repair the cars and machinery; and that this car had been in service a considerable length of time. There was a conflict of evidence as to whether the crack in the rod was new, or of long standing, and as to the diligence used by defendant's servants to discover the defect. At the instance of the plaintiff the court gave, among others, the following instructions : 1. If the jury believe from the evidence that the plaintiff in the discharge of his duty was thrown from the defendant's cars and received the injury charged in the petition by the reason of the breaking of the end of the rod of the brake, or the thread on the end

of the rod of the brake being worn or broken, that the brake was, at the time, defective or insecure as aforesaid, that such defect or insecurity was not known to the plaintiff, that he used such care and prudence as is required of one engaged as brakeman, that the defendant by the exercise of reasonable foresight or diligence might have known of such defect or insufficiency of the brake, then the jury will find for the plaintiff. 2. Although the plaintiff in assuming the duties of brakeman did assume all the risks belonging to such employment, this did not relieve the defendant from its legal duty to provide suitable and safe machinery to carry on its business, and to maintain the same by the use of ordinary care and foresight. 3. The plaintiff had a right to presume that the defendant would furnish and maintain safe brakes on its cars, and it is a question of fact for the jury to determine from the evidence whether the defendant did furnish a safe brake on its car, and use ordinary and reasonable care and foresight in keeping the one alleged to have been broken in safe repair, and in determining this question they may take into consideration all the circumstances detailed by the witnesses and the use to which the brake is put.

The court gave the following, among other, instructions asked by the defendant: 12. If the jury believe from the evidence that the said crack or flaw in said brake rod was concealed by the wheel washer or burr on said brake rod, and that the car inspectors of defendant could not have discovered the same by the exercise of ordinary care and diligence, then the plaintiff cannot recover in consequence of injuries received thereby. 15. If the jury believe from the evidence that there was an old crack in said brake rod and the same was hid from view by the wheel and the bar on the top of the wheel, so that neither plaintiff nor defendant could discover the same by the exercise of ordinary care, then plaintiff cannot recover for the injuries mentioned in his petition. 19. It devolves on the plaintiff to show by affirmative and satisfactory proof that the

plaintiff was injured and that such injury was occasioned by the negligence of defendant in furnishing plaintiff an unsound brake on its road, and that defendant knew or could have known of the unsound condition of said brake by the exercise of ordinary care and diligence, and in the absence of such affirmative and satisfactory proof the jury must find for defendant.

The court refused to give the following instructions asked by defendant: 5. If the jury believe from the evidence that plaintiff was injured by the breaking of the brake rod and the falling of plaintiff from the car, and that the same resulted from accident, then the plaintiff cannot recover. 7. The law does not impose on railroad corporations as to its employees the duty of furnishing and using good and safe cars, brakes and fixtures belonging thereto and to keep the same in good and safe repair. The defendant assigned as error the action of the court in giving plaintiff's instructions and refusing defendant's instructions numbered 5 and 7.

*J. N. Litton* for appellant.

1. The law does not impose upon defendant the duty of warranting that all its machinery is the best and in perfect order, still less that all of it will continue to be so for ever and never break. 30 Mo. 116, *McDermott v. P. R. R.*; 42 Ala. 723, *M. & O. R. R. Co. v. Thomas;* 12 Ohio St. 494, *Railroad v. Webb*; 5 Ohio St. 541, *Mad River R. R. Co. v. Barber*; 31 Ind. 174, *Col. & Ind. R.R. Co. v. Arnold*; 23 Ind. 82, *Slattery v. T. & W. R. R. Co.*; 10 Ind. 556, *Ind. R. R. Co. v. Love*; 32 Vt. 473, *Hard v. Vt. & C. R. R. Co.;* 28 Vt. 61, *Noyes v. Smith*; 39 N. Y. 471, *Warner v. Erie R. R. Co.;* 14 Gray 468, *Seaver v. Boston R. R.*; 46 Illinois 100, *Ills. Central R. R. Co. v. Jewell;* 49 Barber 324, *Faulkner v. Erie R. R.* 2. Even if Welsh or any other inspector was negligent in not discovering the defect in the brake, defendant is not liable for his negligence, for it was nothing but the negligence of a fellow servant. Wharton on Neg. § 227 ;

*McMillan v. Saratoga R. R. Co.*, 20 Barb. 450; *Tinney v. B. & A. R. R. Co.*, 62 Ib. 218; *Tarrant v. Webb*, 37 Eng. L. & E. 281; *Waller v. S. E. R. R.*, 2 Hurl. & Colt. 102; *Hall v. Johnson*, 3 Ib. 589; *Searle v. Lindsay*, 8 Jur. (N. S.) part 1 p. 746; *Brown v. Accrington*, 3 Hurl. & Colt. 511; *Potts v. Port Carlisle D. & R. Co.*, 8 Week. Rep. 524; 2 Law Times (N. S.) 283; Fisher's Dig. p. 5758; *Ormond v. Holland*, 1 Ellis B. & E. 101; *Couch v. Steel*, 3 Ib. 402.

*Lay & Belch* for respondent.

1. Respondent's instructions were correct. *Brothers v. Cartter*, 52 Mo. 372; *Patterson v. Pittsburgh &c. R. R.*, 2 Cent. L. J. 639; *Harper v. Indianapolis R. R.*, 47 Mo. 567; 45 Ills. 201; 52 Ills. 183; *Ryan v. Fowler*, 24 N. Y. 410; *Bugard v. LaceriaMan'g Co.*, 47 Me. 113; *Hollowin v. Hanly*, 6 Cal. 209; *Frazier v. The Penn'a R. R. Co.*, 2 Wright 111; *Caldwell v. Brown*, 3 P. F. Smith, 453; *O'Donnel v. Allegheny Valley R. R. Co.*, 9 Id. 239; *Weger v. Penn'a R. R. Co.*, 5 Id. 465; *Farwell v. Boston & W. R. R. Co.*, 4 Metcalf, 49; 43 Ills. 338; 8 Allen 441; 52 Mo. 253; 11 Wisconsin 238; Redfield on Ry. 473-475; S. & R. on Neg. 333, 95, 96. 2. Appellant's 5th and 7th instructions were properly refused. 2 Camp. 70, *Griggs Christer v. Greggs;* 11 Pick. 106; 4 Gill 406, *Stockton v. Frey;* 13 Pet. 181, *Stokes v. Saltonstall;* 38 Miss. 242; 30 Penn. St. 234; 2 Duval (Ky.) 556, *Louisville & P. R. R. v. Smith;* 5 Q. B. 411, *Kearney v. London & B. R. R. Co.;* 2 H. & C. 722, *Byrne v. Boadle;* 12 Jur. (N. S.) 705, *Higgs v. Maynard;* 35 L. & J. Ex. 163, *Briggs v. Oliver;* 4 H. & C. 403; 5 Q. B. Law Report 511; 1 Redf. on Railways 522; 28 Vt. 180, *Briggs v. Taylor;* 31 Ind. 175; 19 N. Y. 127, *Smith v. N. Y. & Harlem R. R.;* 17 Wallace 553, *R. R. Co. v. Fort;* 2 Dillon 64, *Jones v. Yaeger;* 2 Dillon 294, *Stout v. Sioux City R. R.;* 2 Dillon 259, *Fort v. Union Pac. R. R.;* 28 Vert. 59; 20 Ohio 415, *Little Miami R. R. v. Stevens;* 1 Amer. R. R. cases 569-70, *Dixon v. Ranken;* 3 Dillon 319, *Dillon v. Union P. R. R.;* 10 Allen 233; 110 Mass. 240, *Ford v. Fitchburg R. R.;* 4

Foster & T. 608; 24 N. Y. 175 ; 10 Gray 274, *L. & N. R. R. Co. v. Collins;* 5 Amer. L. Reg. 265 ; 5 (Port.) Ind. 339, *Gillenwater v. Mad. & Ind. R. R.* ; 11 Wis. 238, *Chamberlain v. Mil. & Miss. R. R.*

Napton, J.—In regard to the responsibility of a railroad company to supply suitable machinery to their employees, and to keep the same in repair, there is no difference of opinion among the courts, but a very decided difference has arisen in relation to the duty of maintaining suitable machinery, so far as the claims of employees are concerned, some courts holding that when the company employs competent inspectors and repairers, and an injury occurs through their negligence, no liability attaches to the company, regarding the injury as one resulting from the negligence of fellow-servants; whilst other courts have held that the duty in regard to machinery is one as to which, although it is performed by subordinates, the company is in fact represented by such agents, and their carelessness is not put on a footing with that of fellow-servants of the party injured. This court has in *Gibson v. Pacific R. R.*, 46 Mo. 163, and in *Lewis v. St. Louis & Iron Mountain R. R.*, 59 Mo. 495, adopted the latter view, following the cases of *Snow v. The Housatonic R. R.*, 8 Allen 441, *Ford v. Fitchburg R. R.*, 110 Mass. 240, and *Flike v. B. & A. Co.*, 53 N. Y. 549. This last case was decided by an equally divided court, and the cases of *Wonder v. Baltimore & Ohio R. R. Co.*, 32 Md. 412 ; *R. R. Cos. v. Webb*, 12 Ohio State 475 ; *Waller v. S. E. R. R. Co.*, 2 Hurl. & C. 102, maintain the contrary doctrine. The case in Ohio is in its facts very much like the present, and the court held the inspectors of the brake fellow-servants with the brakemen, and, therefore, held the company not responsible for the inspectors' negligence. In the case now before the court the instructions of the circuit court followed the views of this court in the above cited cases, in which this court considered the supervisors of the track and the inspectors of

the machinery as virtually representing the company. As the authorities are conflicting and irreconcilable, and it is not clear that public policy authorizes or requires any departure from former decisions, the judgment of the circuit court must be affirmed. The other judges concur.

AFFIRMED.