HALL v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1    **Master and Servant:** VICE-PRINCIPAL: RAILROAD.    A section foreman, whose duty is to keep the track in repair and free from obstructions, in this particular represents the company, and is not a fellow-servant with the switchman. *Lewis v. R. R. Co.*, 59 Mo. 495, followed.

2.    **Negligence:** PLEADING; PERSONAL INJURY: RAILROAD.    A petition which alleges that defendant, a railroad company, negligently and carelessly permitted a loose iron rail to remain upon the path along-side the track used by switchmen in the necessary discharge of their duties, is not defective by reason of the omission to allege that defendant had knowledge, or by ordinary attention to its duties would have known, that the rail lay upon the path. The omitted statement is substantially contained in the allegation made.

3.    **Master and Servant:** INSTRUCTIONS.    An instruction declaring the duties of a section foreman to be what he has testified they are, is not objectionable in the absence of any other evidence on the subject.

Hall v. The Missouri Pacific Railway Company.

*Appeal from Osage Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*Thomas J. Portis & E. A. Andrews* for appellant.

Plaintiff relied for recovery on the case of *Lewis v. R. R. Co.*, 59 Mo. 495. The decision in that case, when made, was in conflict with the decisions of this and other states, and ought now to be overruled or so modified as to harmonize with the legal principles governing the universal law of master and servant. The plaintiff and the trackmen are fellow-servants, and by this contract the former assumed all the ordinary risks incident to their co-employment by a common master. Cooley on Torts, p. 545; *Strange v. McCormick*, 1 Phil. 156; *Pyne v. R. R. Co.*, 54 Ia. 223; s. c., 37 Am. Rep. 198; *Mich. Cen. R. R. Co. v. Austin*, 40 Mich. 247; *Waller v. S. E. R'y Co.*, 2 Hurl. & Colt. 102; *Lehigh Valley Co. v. Jones*, 86 Pa. St. 432; *McAndrews v. Burns*, 39 N. J. L. 117; *Quincy Min. Co. v. Kilts*, 42 Mich. 34; *Holden v. R. R. Co.*, 129 Mass. 268; s. c., 37 Am. Rep. 343; *Wilson v. Merry*, L. R., 1 H. L. Sc. & Div. App. 326; *Walker v. R. R. Co.*, 128 Mass. 8    If the section foreman was not a fellow-servant, still the court erred in not distinguishing between his acts as a co-laborer, and his acts as and for his master. *Albro v. Canal Co.*, 6 Cush. (Mass.) 75; *Ford v. R. R. Co.*, 110 Mass. 240; *Warner v. R. R. Co.*, 39 N. Y. 468; *Brickner v. R. R. Co.*, 49 N. Y. 672; Wood's Law of Master and Servant, 888. The petition was fatally defective in not alleging any knowledge of the defect complained of on the part of the defendant, or that by the exercise of reasonable care he might have known of it. If such an allegation were not a substantial element of recovery, then, the court submitted to the jury an issue not made by the pleadings. 72 Mo. 414. The law does not define the duties of a section foreman, and, therefore, instruction three should not have been given. 67 Mo. 122; 86 Pa. St. 432.

*Belch & Silver* and *R. S. Ryors* for respondent, cited 59 Mo. 495 ; 71 Mo. 71, 77, 78; 65 Mo. 225 ; *McGowan v. R. R. Co.,* 61 Mo. 532; 1 Dillon 312; 51 Mo. 454; *Buesching v. Gaslight Co.,* 73 Mo. 230, 231.

HENRY, J.—This action was instituted by plaintiff for damages for an injury received by him while in the servies of defendant as a switchman, in consequence, he alleges, of the negligence and carelessness of defendant in permitting a loose iron rail to lie upon the path plaintiff had to pursue in the discharge of his duty as switchman, and by reason of which, while so employed, he was thrown down an embankment and injured. The accident occurred at Chamois at night. At that station there are six or seven tracks, and in switching cars from one track to another the switchman has to get off and adjust the switch. On this occasion when he stepped from the caboose to signal the engineer, his foot was caught under the iron rail lying loose in his path near the track, and he was thrown down the embankment and seriously injured. It was the duty of the section foreman, as testified by the foreman, to keep the tracks in repair and to remove rails and other obstructions which might be on or so near the track as to be dangerous. On the day of the night in question, the section foreman had taken up some rails in the yard, and the reasonable deduction from the evidence is, that the rail which caused the injury was one of those rails.

After the plaintiff closed his evidence, which substantially established the foregoing facts, the defendant asked the court to declare that, on the pleadings and evidence, the plaintiff could not recover, which the court refused; and for plaintiff instructed the jury as follows :

1. If the jury are satisfied from the evidence in this case, that the plaintiff was, at the time hereinafter mentioned, switchman on the railroad of defendant; and in its employ as such; that he was in the discharge of his duty

as such switchman, and was on a caboose cutting or separating same from another caboose; that it became necessary for him to get off the caboose; that in doing so he exercised care, and without negligence on his part, his foot caught on a loose railroad rail, which caused him to fall, and he was thereby injured; that said rail was on the path where the plaintiff in the discharge of his duty would get off the caboose, and that increased the risk of injury to plaintiff; and that said rail was put on the track by the section foreman, or those employed under him, or was allowed to remain there, and that the defendant knew of its existence or might by the exercise of reasonable care and diligence have known thereof; and they further find that the plaintiff received injuries in consequence of such loose rail lying and remaining on said path, put there as aforesaid, or defendant knew or might have known of its existence; and the plaintiff, at the time he received such injury, was exercising ordinary care and prudence, and did not know that the rail was on said path, then the defendant is liable for such injury.

3. In this case the section foreman's duty was to keep the track in repair and see that the track was not ob-structed, and in this he represented the company.

The principle ground relied upon for a reversal of the judgment which plaintiff recovered, is, that a switchman

1. MASTER AND SER-VANT: vice-prin-cipal: railroad.

and section foreman are fellow-servants. Adjudications of the courts of other states of the Union sustaining the appellant's position are cited by counsel, and, whatever our opinion might be, if it were a question of the first impression in this court, the contrary was held in *Lewis v. R. R. Co.*, 59 Mo. 495, and the doctrine of that case has ever since been adhered to by this court, and we are not inclined to depart from what must, therefore, be now accepted, as the rule settled on that subject in this State. The declaration in the nature of a demurrer to the evidence, was, therefore, properly overruled.

The instruction number one, given by the court, is a

correct declaration of law; and we presume that, if appel-
lant's counsel had conceded that plaintiff and
the section foreman were not fellow-servants,
and the petition had alleged that the defend-
ant had knowledge, or by ordinary attention to its duties
would have known, that the loose rail lay upon the road-
bed near the track, they would not have complained of the
instruction. The proposition that the petition is defective
because it is not therein alleged that defendant had knowl-
edge that the iron rail was lying on or so near the track as
to be dangerous, is untenable. It is alleged that defendant
negligently and carelessly permitted it to remain there,
and this was not true, if defendant did not know, or by
the due and proper discharge of its duty to keep the track
clear of obstructions, would not have ascertained that the
rail was there. In the cases of *Serrot v. Omaha*, 1 Dill.
Cir. Ct. Rep. 312, and *Bowie v. Kansas City*, 51 Mo. 456, it
was decided that petitions, substantially the same as this
with respect to the omission of the allegation of knowl-
edge on the part of defendant, were good. Nor is there
anything in *Price v. R'y Co.*, 72 Mo. 414, in conflict with
those cases. In that case an instruction was objectionable
which permitted a recovery on a cause of action not stated
in the petition. No objections were made to the petition.
The allegation which it is contended should have been
made in the petition in the case at bar, is substantially em-
braced in the averment that defendant carelessly and neg-
ligently permitted the loose rail to lie on or near the track;
and proof that the defendant did not know, and, in the
proper discharge of its duty, would not have learned that
the rail was in that condition, would have repelled the im-
putation of negligence and carelessness. The instruction
did not, therefore, authorize a recovery on a cause of action
not stated in the petition.

Instruction number three is objected to because it de-
clares what the duties of the section foreman were, with

*Marginal note: 2. NEGLIGENCE: pleading: personal injury: railroad.*

3. MASTER AND SERVANT: instructions. respect to keeping the track clear of obstructions. If there had been any conflict of evidence, or no evidence, on that subject, it would have been manifestly improper; but the only testimony on that subject was that of the section foreman himself, who testified: " That it was his duty to keep the track in repair and see that it was not obstructed," and the court was warranted under the circumstances in so declaring    The carelessness of the section foreman, and his knowledge of the obstruction in plaintiff's path, are imputable to defendant. *Long v. Pacific R. R. Co.*, 65 Mo. 225; *Porter v. H. & St. Jo. R. R. Co.*, 71 Mo. 77; *Harper v. Ind. & St. L. R. R. Co.*, 47 Mo. 567; *Lewis v. St. L. & I. M. R. R. Co.*, 59 Mo. 506. All concurring, the judgment is affirmed.