Condon v. The Missouri Pacific Railway Company.

CONDON v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Negligence**: PLEADING.   A petition in an action against a railroad company for personal injuries received in falling from a freight car, stated that the hand-hold on the car " was not safe and sufficient, and by reason of said defectiveness and insufficiency said hand-hold broke."   *Held,* that this amounted to an averment that there was a weakness in the fastenings of the hand-hold, in consequence of which it broke, and was a sufficiently specific statement of the negligence intended to be charged.

2. **Instructions.**   It is not error to refuse one correct instruction if another to the same purport is given.

3. ——— Where one instruction is given correctly applying a principle to the facts of the case, it is not error to refuse another laying down the principle in a general form.

4. **Fellow-servant.**   A car inspector is not a fellow-servant of the brakeman.

5. **Instructions.**   It is not error to refuse an instruction which withdraws an issue of fact from the jury when there is evidence bearing upon the issue.

6 **Instructions,** unobjectionable as propositions of law, are properly refused, if there is no evidence of the facts upon which they are predicated.

*Appeal from St. Louis Court of Appeals*

AFFIRMED.

*Thos. J. Portis* and *H. S. Priest* for appellant.

*George A. Castleman, Andrew Mackay, Jr.,* and *A. R. Taylor* for respondent.

HENRY, J.—This suit was instituted in August, 1879, to recover damages for injuries to plaintiff, a servant of defendant, alleged to have been caused by a defective hand-hold on the top of a box car from which plaintiff fell, while in the discharge of his duty as a brakeman at Pacific, a station on defendant's road. The answer contained a general denial, a plea of contributory negligence on plaintiff's part, and also negligence of plaintiff's fellow-servants, and that the car was a foreign car, belonging to another road, and being hauled over defendant's road.

The evidence tended to prove the following facts: The car in question, containing freight, was received by defendant at Kansas City from a connecting road, to be hauled to Cheltenham, a station on defendant's road, near St. Louis. On the day of the accident, the plaintiff with an engineer, fireman and conductor, went from Labadie, a station on defendant's road west of Pacific, with an engine and caboose car to Pacific, under orders to make up there a special train of freight cars, and take it to St. Louis. They arrived at Pacific between six and seven o'clock p. m., when it was so dark as to require the use of lanterns in making up the train. While engaged in switching, plaintiff was ordered by the conductor to get on top of other box cars, attached to the car in question, pass along on the top of said cars and get down from the foreign car by means of a ladder on the side and near the end of said car, placed there to be so used, and pull out a coupling-pin by which said car was attached to a flat car. In obeying said order he slipped and fell, and the hand-hold, to which he held, breaking loose, he was precipitated to the ground, and received the injuries complained of.

The iron bolt by which one end of the hand-hold was

secured, appeared after defendant's fall to have been freshly broken, but, at the place where the other end of the hand-hold should have been fastened, a hole was found in the plank, partially filled with cinder, and with iron-rust in the hole. The bolt by which that end of the hand-hold was originally secured was missing. Only at terminal stations, such as St. Louis and Kansas City, was it the duty of or custom for car-inspectors to go on top of cars to inspect them unless so requested by trainmen. At intermediate stations it was the duty of inspectors to examine the wheels, axles and running-gear, but not to go on top of the cars to inspect. Where any of the machinery on top of the cars was out of repair, it was the duty of the trainmen to repair it or notify car-repairers of its condition. With respect to the inspection of this particular car, at Kansas City, the evidence that it was made, is entirely circumstantial. The inspector, Byer, in his testimony did not state that he inspected this identical car; did not recollect that he was on duty February 8th, 1879, but supposed he was; did not know that he had let any car pass on the road with hand-hold loose at one end; if he had inspected a car that had a hand-hold in that condition, he would have seen it.

The court, of its own motion, gave the following instructions to the jury:

1. It was the duty of defendant to furnish and supply to its employes or those engaged in running and operating its trains of cars, machinery and appliances, such as cars and the various appliances thereto belonging, that were reasonably safe, secure and sufficient for the transaction of its business, and, in absence of notice to the contrary, the employes of defendant had the right to assume that the cars and appliances furnished to them with which to work were so safe, secure and sufficient. If you find, therefore, that defendant neglected its duty in this behalf, and that on the day specified in the petition William Condon was in the employ of defendant as brakeman, and was at said time engaged in the prudent and careful discharge of his duties

under such employment; and that there was a defective or insufficient hand-hold or appliance upon one of the cars furnished to him, and upon which he was engaged to work at the time, and that by reason or in consequence of such defective or insufficient hand-hold upon the car so furnished him while so engaged in the prudent and careful discharge of his duty, and without any knowledge thereof upon his own part, said Condon fell or was thrown from said car, and was run over and injured by a car or train of cars then being run and operated by defendant, then the verdict of the jury must be for plaintiff.

Although the jury may believe from the evidence that the car in question was a foreign car, (that is a car belonging to some other railroad company,) and that it had been received by defendant from such other company for purposes of transportation, and that when so received the hand-hold thereon was defective, yet, if the jury believe that such defect was known to defendant at and prior to the accident, or that by the exercise of ordinary care and diligence, it might have been known and repaired, defendant is not excused by the fact that it was a foreign car and was in a defective condition when received. Nor is defendant excused by the fact that it had no actual knowledge of any defect in the car, if, by the exercise of ordinary care and diligence, it might have known of such defect prior to the accident.

2. If defendant kept car-inspectors or repairers at Kansas City, St. Louis and other intermediate points, who were charged by defendant with the special duty of examining into the condition of cars at those points and seeing that they were in running order and in safe and proper condition to be used before they were suffered to depart therefrom, then defendant is liable to plaintiff for any neglect of duty on the part of such inspectors and repairers whereby plaintiff was injured, if the jury believe he was so injured in consequence of any such neglect of duty.

3. If the jury find for plaintiff, they will assess his

damages at any sum, not exceeding $20,000, which the testimony warrants, and, in determining the amount, the jury are at liberty to take into consideration all the injuries sustained at said time by plaintiff, with the personal pain and suffering and consequences resulting therefrom, whether temporary or permanent, bearing in mind always that it is compensation only which is to be fixed by them for the damage to plaintiff by reason of the negligence of defendant.

4. The mere fact that the injury resulted to plaintiff from a defect in the hand-hold, is not of itself sufficient to entitle him to recover, but the burden is upon plaintiff to show that defendant had notice of the defect, or that, by the exercise of proper care, it might have known of it, and also to show that the accident happened from or by reason of the defect complained of in the petition.

5. If the jury believe from the evidence that the car from which the plaintiff fell and was injured was a foreign car, that is, a car which belonged to another railroad, and was received by defendant in the usual course of business, to be by it transported over its railroad, and that said car was not one of defendant's own cars, then to entitle plaintiff to recover, the evidence must also show that the defect complained of in the hand-hold of said car existed at the time said car was so received by defendant on its railroad, and that defendant knew, or by the exercise of proper care and caution might have known, that fact; or, the evidence must show that such defect arose after the said car was so received by defendant on its road by or from some negligence or fault of defendant; or that it arose, after the car was so received, without defendant's fault, but that defendant knew, or by the exercise of ordinary care and diligence might have known, of the defect and repaired it, or given plaintiff warning thereof prior to the accident.

At defendant's instance, the court instructed the jury that if they believed from the evidence "that the injuries complained of were brought upon himself, in whole or in

part, by his own carelessness, negligence, recklessness or want of proper care and caution, directly contributing thereto, then he is not entitled to recover." Many other instructions, asked by defendant and refused, will·be noticed hereafter. There was a judgment for $5,000, from which an appeal was taken to the St. Louis court of appeals, in which it was affirmed *pro forma,* and defendant has appealed to this court.

It is objected to the petition that "it states conclusions and not facts." I confess an inability to comprehend the meaning of counsel, in this objection. The petition states the position of the company toward employes—the duty of plaintiff as brakeman, and then proceeds to state the facts, showing the manner in which he fell and was injured. No conclusions of law are pleaded, and if there were, sufficient facts are alleged to constitute a cause of action.

It is contended that it is defective in not stating specifically, wherein the hand-hold was defective. It alleges
1. NEGLIGENCE: "that it was not safe and sufficient, and by pleading. reason of said defectiveness and insufficiency, said hand-hold broke," etc. This is wholly unlike the petition in the cases of *Waldhier v. R. R. Co.,* 71 Mo. 516 ; *Harrison v. R. R. Co.,* 74 Mo. 369, cited by counsel. The allegation in this petition is, substantially, that there was a weakness in the fastenings of the hand-hold in consequence of which it broke. Defendant was apprised by this petition of the precise negligence for which it was sued, and the allegation was sufficiently explicit.

The instructions given by the court of its own motion very fully and fairly declared the law applicable to the facts
2. INSTRUCTIONS. which the evidence on either side tended to prove. *Porter v. H. & St. Jo. R. R. Co.,* 71 Mo. 66. The first of defendant's refused instructions declares that "the mere fact that the injuries to plaintiff resulted from the defect of the hand-hold, is not sufficient to entitle him to recover." That is correct, but the court, in the second, sixth and seventh instructions given of its own motion, ex-

plicitly declared that the mere fact that the injury resulted to plaintiff from a defect in the hand-hold, was not of itself sufficient to entitle him to recover, but the burden is upon the plaintiff to show that defendant had notice of the defect, or that by the exercise of ordinary care and diligence, it might have known it.

The second of defendant's refused instructions declares that the car in question being a foreign car, defendant is 3. ——. not held to such strict liability for defective construction as it would be with respect to one of its own cars, but is only liable for such defects as are so patent and obvious that they may be discovered by the exercise of ordinary care and caution. That is the extent of defendant's liability declared by the court in the instructions given. It is not declared in the court's instructions that the defendant is held to a less strict liability in case of foreign cars, but that declaration amounts to nothing, unless the extent and nature of the liability is declared, and when declared the general declaration might be stricken from the instruction, without at all weakening its force.

The third refused declared that car-inspectors at the intermediate stations, were fellow-servants of plaintiff, and 4. FELLOW-SERVANT. that if the proximate cause of plaintiff's injury was attributable to any want of care or caution on their part, defendant was not liable. Car-inspectors are not co-employes with trainmen. *Long v. Pacific R'y Co.*, 65 Mo. 225.

The fourth, fifth, sixth, seventh, thirteenth and fourteenth refused instructions are disposed of by what has been said 5. INSTRUCTIONS. of those preceding them, and the fourth, fifth and tenth are vicious for the additional reason, that they withdraw from the jury the question whether the car was defective as alleged, when received by defendant, and whether the defect, if it existed when so received, might have been known by defendant, if proper care and caution had been exercised by it. These instructions declare that there was no evidence tending to show either of these facts.

. The eighth refused declared that for injuries received by a servant through the negligence, etc., of a fellow-servant, the master is not liable. No objection is perceived to that instruction as a proposition of law, but there was no evidence whatever tending to prove such a case; and the same is true of the ninth, which declares that the conductor and men in charge of the train are fellow-servants, and that if plaintiff's injury was caused by the negligence, etc., of the conductor, the company was not liable.

The eleventh refused was to the effect that defendant was not liable for an injury to plaintiff from a cause open to his observation, and that if the evidence showed that his opportunities of observing and knowing the condition of the hand-hold, were equal to or superior to those of defendant, he could not recover. This was correct as an abstract proposition of law, but the evidence clearly proved that plaintiff, for the first time, went upon the car in question in discharge of duty as a brakeman after dark, and there was no evidence showing that he had ever seen it before, while the proof was that at Kansas City defendant had ample time and opportunity to inspect it thoroughly, and should have done so.

The thirteenth was but a repetition of the sixth given by the court, and was, therefore, properly refused, and the substance of the fourteenth was contained in the seventh given by the court of its own motion.

It is insisted by defendant's counsel that defendant is not liable, because it was the duty of the conductor and brakeman to inspect the car, and report defects or repair them. It was not proved that such is their duty. That it is their duty, if they know of any defect, to report it to the car-repairer or repair it themselves, was shown, but they are not required to inspect the cars, and may assume that the inspectors have performed their duty, and that the car is all right. It is not pretended that the conductor, or other fellow-servants of the plaintiff, knew of the defect com-

plained of, and the evidence conclusively shows that neither of his fellow-servants saw the car before they reached Pacific, nor does it appear that either of them was ever on top of the car in question, before the plaintiff was injured.

Many other questions are raised by appellant's counsel in their brief and argument, which have not been overlooked, but the length which this opinion has already reached forbids particular notice of them all. After a careful examination of the record, and points made, and authorities cited, we are satisfied that this cause was tried with exceptional fairness, and that no material error was committed by the circuit court in the progress of the trial. The judgment is affirmed. All concur.