D. L. CLOWERS, BY NEXT FRIEND, Respondent, v. WA-
BASH, ST. LOUIS & PACIFIC RAILROAD COM-
PANY, Appellant.

St. Louis Court of Appeals, March 9, 1886.

21 | 213
38 | 247
21 | 213
40 | 464
21 | 213
49 | 232
21 | 213
60 | 683
21 | 213
f152s439

1. PRACTICE—PARTIES—NEXT FRIEND—WAIVER—DEMURRER TO EVI-
DENCE.—An objection that the action is not prosecuted by a duly
appointed next friend is waived, unless it is saved by a special de-
murrer, or by answer ; a general demurrer to evidence is insuffi-
cient to save the point.

2. MASTER AND SERVANT—ORDINARY RISKS—NEGLIGENCE.—Latent de-
fects in machinery, or other appliances, are not a part of the ordi-
nary risks which an employe assumes as incident to his employ-
ment.

3. —————— REASONABLE CARE—MASTER'S LIABILITY.—An employer is
liable for an injury suffered by his employe in consequence of the
former's failure to provide and maintain such machinery as is rea-
sonably safe and sufficient for its intended purpose.

4. —————— FELLOW-SERVANT—VICE-PRINCIPAL—INSTRUCTIONS.—Under
evidence which tends to show that the injury was due to a latent
defect in a lever of a hand car, which defect was unknown to the
plaintiff, but was known to the foreman under whose immediate
and almost exclusive control the plaintiff and the hand car were,
the foreman having the power to hire, control, and discharge the
plaintiff, it is proper to instruct the jury on the theory that the de-
fect was known to the defendant and unknown to the plaintiff.

5. —————— AGENCY.—Under such a state of facts. the foreman is the
defendant's vice-principal, and is not a fellow-servant of the plain-
tiff, and his knowledge is the defendant's knowledge.

6. —————— DUTY OF INSPECTION.—In such a case, it is not error to re-
fuse to instruct the jury that the employer company was only
under such duty of inspection as regards its machinery, as other
railroads usually exercise.

APPEAL from the St. Charles County Circuit Court.
W. W. EDWARDS, Judge.

*Affirmed.*

H. S. PRIEST, and GEORGE S. GROVER, for the appellant: There must be proof of the appointment of a next friend. Rev. Stat., sects. 3, 69, *et seq.; Porter v. Railroad*, 60 Mo. 162. The court gave improper instructions at the request of the plaintiff. *Hoke v. Railroad,* 11 Mo. App. 574; *Lee v. Detroit B. & I. Works*, 62 Mo. 565; *Marshall v. Schricker*, 63 Mo. 308; *Rains v. Railroad*, 71 Mo. 168; *Weger v. Railroad*, 55 Pa. St. 460; *Keystone Bridge Co. v. Newberry*, 96 Pa. St. 246; *Feltham v. England*, L. R. 2 Q. B. 32; *Wilson v. Merry*, L. R. 1 H. L. Scotch App. 326; *Howells v. Lendore Steele Co.*, L. R. 10 Q. B. 62, 11 Moak, 153; *Lawler v. Railroad*, 62 Me. 463; *Albro v. Agawam Canal Co.*, 6 Cush. 75; *O'Connor v. Roberts*, 120 Mass. 227; *Davis v. Railroad*, 20 Mich. 105; *Peschel v. Railroad*, 17 Am. & Eng. R. Cas. 545, and cases cited in note on page 561. The court gave erroneous instructions of its own motion. *Porter v. Railroad*, 71 Mo. 67; *Koenig v. Life Ass'n*, 3 Mo. App. 596; *Iron Mountain Bk. v. Murdock*, 62 Mo. 70; Thomp. Charg. Jury, 100, and cases cited.

LACKLAND & WILSON, for the respondent: It was the defendant's duty to furnish and to keep in repair, safe and sound hand cars. 24 Am. Law Reg. 116; 20 Cent. Law J. 27; *Lewis v. Railroad*, 59 Mo. 495; *Porter v. Railroad*, 60 Mo. 160; *Brothers v. Carter*, 52 Mo. 376. A section foreman is not a fellow-servant of a laborer under him. *Wilson v. William Linen Co.*, 50 Conn. 433; *Siela v. Railroad*, 82 Mo. 430; *Gormly v. Vulcan Iron Works*, 61 Mo. 492; *Devany v. Vulcan Iron Works*, 4 Mo. App. 236. The question of non-appointment of next friend can not be raised on general denial. *Rogers v. Marsh*, 73 Mo. 70.

ROMBAUER, J., delivered the opinion of the court.
The plaintiff, while in the defendant's employ as a

laborer, was thrown from one of the defendant's hand cars, which passed over his prostrate body, inflicting serious injuries upon him, some of which are shown to be permanent in their nature. In this action, brought by next friend, to recover damages for such injury, he obtained a judgment for two thousand and five hundred dollars.

The negligence claimed as the foundation of the action, is that the hand car was defective and unsafe, in this, that the levers on the same were weak, defective, and unsafe, and were not securely fastened, of which fact the plaintiff at the time had no knowledge, but the defendant had.

The company defends on the grounds that the accident was the result of the plaintiff's own negligence, and the negligence of other employes of the company, in propelling the hand car with extraordinary speed, and bearing upon the levers with unusual force, subjecting them to an unusual strain.

The case rests entirely on the plaintiff's testimony, all evidence adduced by the defendant being confined to the extent of the plaintiff's injuries, and not to their cause.

The plaintiff's evidence tended to show that he was hired as a laborer and track repairer, by one Broomer, a section foreman on the defendant's road, and that on the day in question, Broomer, the plaintiff, and six other employes of the company, mounted this hand car at a station, with the intention of proceeding on the road for a short distance to repair the track. That when approaching their destination they saw smoke ahead of them, and the foreman believing that it evidenced an approaching train, urged the men to work the lever of the car with additional force, using the expression, "shake her up boys." That the car was, thereupon, propelled at a greater speed, and immediately thereafter the lever on which the plaintiff worked broke, he was thrown on the track, and the car passed over him. The testimony

tended further to show that the lever on the hand car, (usually made of ash wood), was inserted in an iron shoulder, and could have been readily taken out and examined. That this lever had become loose in the shoulder, and was cracked at a place covered by the iron of the shoulder, and that the foreman, Broomer, had knowledge, for some days prior to the accident, of the fact that the lever was in a loose and dangerous condition.

The errors complained of by the appellant are, that the court refused to non-suit the plaintiff as requested, and further, that the court refused to instruct the jury, as requested, that the accident was caused by an ordinary danger of the plaintiff's employment, of which he had assumed the risk, and further, that it refused to instruct that Broomer's negligence, if any, was that of a fellow-servant of the plaintiff, and that the company was under no greater duty of inspection of its machinery than the duty of exercising such care in that behalf as is usual with railroad companies.

On the first point the appellant contends, that on the authority of the case of *Porter v. Railroad* (60 Mo. 162), the judgment must be reversed, because no evidence was offered by the plaintiff of the appointment of a next friend, and there was a general demurrer, by instruction, to the plaintiff's evidence, which that case holds is sufficient to save the point. Such, unquestionably, was the effect of that decision. But in the later case of *Rogers v. Marsh* (73 Mo. 70), it was held that this objection is one for defect of parties plaintiff, and is waived under the statute, unless saved by special demurrer, or demurrer by answer. This last decision is not only in conformity with the more liberal views marking recent decisions, which disregard purely technical objections in arriving at the true merits of a controversy, but is furthermore the last controlling decision of our supreme court on this question, and as such is binding upon us.

This point, therefore, must be ruled against the ap-

pellant. The second objection is also untenable. Formulating a rule of law as resulting from all the cases decided in this state, involving the question under consideration, we say this : Latent defects in machinery, or other appliances, are not part of the ordinary risks of employment, which even an adult or experienced employe assumes as incidents of his employment. That, while the employer is not an insurer of the absolute safety of the machinery or appliances he furnishes, he is bound to provide such instruments with which to carry on his business as are reasonably safe, secure, and sufficient for that purpose. If he fails to provide and maintain such, and in consequence of this breach of duty on his part, the employe suffers injuries, the employer is responsible for the injuries thus caused.

In *Gibson v. Railroad* (46 Mo. 169), a leading case on this subject, the duty of the employer was stated as going even beyond this, but later cases have slightly modified the rule, so that now it may be considered established as above stated. *Condon v. Railroad*, 78 Mo. 567 ; *Conroy v. Vulcan Iron Works*, 62 Mo. 36 ; *Long v. Railroad*, 65 Mo. 229 ; *Porter v. Railroad*, 71 Mo. 66 ; *Siela v. Railroad*, 82 Mo. 435.

The appellant contends that there is no evidence in this case that the hand car when first furnished, was not perfectly safe. This may readily be conceded. The employer, however, does not discharge his whole duty by simply furnishing safe machinery in the first instance. His obligation to maintain the machinery in a safe condition, as far as proper care can do so, is not less imperative. In fact, we can not see how, on principle, there can be any difference whatever, between the duty of furnishing safe machinery in the first instance, and the duty of maintaining it in a safe condition thereafter, conditioned always that the employer's duty in both instances, goes only to the extent of using proper care and foresight, and not to the extent of an absolute insurer. It is for this reason, among others, that the action of the

court was correct, in refusing to charge the jury as requested by the defendant, that the defendant's duty of inspection was such as the one usually exercised by railroad companies. The defendant was under such duty of inspection as was proper and reasonable, regardless of the fact whether other companies performed such duty or not.

It is claimed, moreover, by the respondent, that in this instance the company had actual notice of the defect, and with full knoweledge of such defect, permitted the continued use of the defective hand car. If so, the defendant's liability, under the law, as above stated, is clear.

The question thus presented, must be solved by determining whether the section foreman, Broomer, was the defendant's vice principal, or a mere fellow-servant of the plaintiff. If the former, his knowledge was that of the defendant, and as his knowledge of the defect has been fully shown, and is uncontradicted, the defendant became liable. The testimony shows that Broomer had the immediate charge and control of laborers working under his supervision. That he had hired the plaintiff, and several of the plaintiff's co-laborers. That they were subject to his orders. That he was authorized to discharge them, or, as the testimony most favorable to the defendant expressed it, to "lay them off," such laying off being, for all practical purposes, equivalent to a discharge. That the hand car was under his exclusive control. That he reported it for repair whenever it needed any, or ordered the men under his control to repair it, and that the plaintiff had no voice whatever in the management of the car, nor any control over its condition. That in all respects Broomer was the immediate superior of the plaintiff, and the only officer of the road with whom the plaintiff came in direct contact, and whose orders, by the terms of his employment, he was bound to obey.

Under these facts, we have no hesitation to say that under recent adjudications in this state and elsewhere, Broomer stood in the position of a vice-principal, and his knowledge was that of the defendant, and not that of the plaintiff. *Whalen v. Centenary Church*, 62 Mo. 326; *Cook v. Railroad*, 63 Mo. 397; *Porter v. Railroad*, 71 Mo. 66, 79; *Dowling v. Allen*, 74 Mo. 13; *Condon v. Railroad*, 78 Mo. 567; *Railroad v. Ross*, 112 U. S. 377.

The instructions complained of were, under these facts, and under this view of the law, fully as favorable to the defendant as it had any right to demand.

The judgment is affirmed. All the judges concur.