FRITZ KEITEL, Respondent, v. ST. LOUIS CABLE & WESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 31, 1888.

1. DAMAGES—NOTICE OF DEFECT IN CABLE RAILWAY.—In an action against a street cable railway company, for damages occasioned by the excessive and improper width of the grip-slot at a particular point, it is not necessary for the plaintiff to plead or prove the defendant's notice or knowledge of such defective condition of its roadway.

2. ——— CONTRIBUTORY NEGLIGENCE.—Contributory negligence of the plaintiff is an affirmative defence, and must be specially pleaded. When not pleaded, it is erroneous to submit the issue to a jury, unless a conclusive inference of negligence arises from the plaintiff's testimony.

VOL. xxviii—42

3. PUBLIC STREET, USE OF—DUTY OF CONTINUOUS INSPECTION.—A corporation, adapting and using a public street for its peculiar method of transportation, is in duty bound to an exact and continuous inspection, in order to prevent its structures from becoming a nuisance. Hence, it is never necessary to prove the duration of a defective condition, as raising an inference of notice to the corporation by lapse of time.

APPEAL from the St. Louis Circuit Court, HON. JAMES A. SEDDON, Judge.

*Affirmed.*

M. F. TAYLOR, for the appellant: The plaintiff must allege in his complaint that defendant had notice or knowledge of the efficient cause of the injury, or ought, by the exercise of reasonable diligence, to have known it. 2 Thompson on Neg., sec. 1050. The case should have been taken from the jury, because plaintiff's own testimony and the testimony of his witnesses established the fact that his injuries were the direct result of his own negligence. Shearman & Redfield on Neg., sec. 37; *Wilds v. Railroad*, 24 N. Y. 430; *McNiel v. Wallace*, 50 Dunn. 818; *Raymond v. Lowell*, 6 Cush. 524; *Railroad v. McDanerall*, 87 Ill. 450; *Week v. Railroad*, 38 O. 632; *Tully v. Railroad*, 134 Mass. 499; *Railroad v. Heileman*, 49 Pa. 60; *Ouscomb v. Railroad*, 27 Barb. 221; *Butterfield v. Foster*, 11 East, 60; *Cornelius v. City*, 22 Wis. 635; *Fox v. Town of Glastonbury*, 29 Conn. 205; *Myer v. Railroad*, 6 Mo. App. 27; *Shoenlau v. Friese*, 14 Mo. App. 436; *Ashbrook v. Railroad*, 18 Mo. App. 290; *Noland v. Shickle*, 69 Mo. 366; *Bassett v. St. Joe*, 53 Mo. 290; *Buesching v. Gas Light Co.*, 73 Mo. 219; *Turner v. Railroad*, 74 Mo. 602; *Tritz v. City of Kansas*, 84 Mo. 642; *Kimes v. Railroad*, 85 Mo. 611; *Milburn v. Railroad*, 86 Mo. 104; *Taylor v. Railroad*, 86 Mo. 460; *Harlan v. Railroad*, 64 Mo. 484. If both parties were negligent the plaintiff cannot recover. *Myer v. Railroad*, 6 Mo. App. 27; *Dunn v. Railroad*, 21 Mo. App. 200. The defendant was liable only in this case on the theory that its

agents knew of the opening in the street, or that it had existed for a period of time sufficiently long to charge defendant with notice. *Lampert v. Gas Light Co.*, 14 Mo. App. 395; *Jordan v. City of Hannibal*, 87 Mo. 673; *Fitterling v. Railroad*, 79 Mo. 508. The defendant in this case was not liable for the condition of the street on the same terms that the municipality would have been had the case been brought against the city. *Swanson v. City of Lexington*, 69 Mo. 167; *Russell v. Columbia*, 74 Mo. 480. Where the action is grounded upon negligence of the defendant, and the evidence shows that, notwithstanding the defendant's negligence, the plaintiff would not have sustained the injuries complained of, but for his own negligence directly tending to produce them, it is the duty of the court to direct the jury to find for defendant. *Maloy v. Railroad*, 84 Mo. 270; *Schriener v. Railroad*, 5 Mo. App. 596; *Blessing v. Railroad*, 7 Mo. App. 594; *Milburn v. Railroad*, 86 Mo. 104.

HENRY W. BOND, for the respondent: In this state it is sufficient to allege that any act was negligently done. It is not necessary to state the particular facts constituting such negligence. *Mack v. Railroad*, 77 Mo. 232; *Schneider v. Railroad*, 75 Mo. 295; *Hall v. Railroad*, 74 Mo. 293; *Condon v. Railroad*, 78 Mo. 573; *Wise v. Railroad*, 85 Mo. 187. It is the duty of the city to keep its streets in a reasonably safe condition. It is a matter of defence to show the authority to make any opening there at all, especially a dangerous one. *Loewer v. Sedalia*, 77 Mo. 443. Contributory negligence must be pleaded. *Donovan v. Railroad*, 89 Mo. 147. It is not sufficient to aver generally that plaintiff was guilty of contributory negligence, but the facts must be stated. *Harrison v. Railroad*, 74 Mo. 364.

THOMPSON, J., delivered the opinion of the court.

This is an action for damages for negligence. The defendant is a corporation, maintaining a cable street

railway in the city of St. Louis. The plaintiff was injured while riding in a buggy with another person, by reason of the wheel of the buggy running into the "slot" of one of the defendant's railway tracks, whereby he and his companion were thrown out of the buggy. The petition recites that the defendant maintained two tracks on Wash street, where the accident happened; "that near the center of each of said tracks of defendant, there is an opening or slot, by which the grip used on defendant's cars is attached to the subterranean cable employed as a motor; that, by reason of the negligence and want of care of defendant and defendant's servants and employes, said slot or opening on the right-hand side of said street, at the point above mentioned, has become and was dangerously and negligently large and wide apart, so that the buggy in which plaintiff was being driven, in passing along said street, was thrown or dashed to the ground and overturned, by reason of one of its wheels sinking down through the dangerous and negligently large opening in the center of defendant's track at said point, without any fault on plaintiff's part, thereby causing plaintiff to be thrown to the ground," etc. The answer is a general denial, and contains no plea of contributory negligence.

At the trial, the plaintiff gave evidence tending to show that, on the day of the accident, he was in the employ of the St. Louis Oil Company; that he and Mr. Trauber, another employe of the same company, were driving out in an ordinary one-horse open buggy, soliciting orders for their employers; that they had occasion to drive along Wash street toward the west at a point west of Eighteenth street; that the defendant maintains on that street a double-track cable street railway; that this railway is so constructed that the power is supplied by a subterranean cable, which is taken hold of by a grip extending from one of the cars through a slot; that this slot is an aperture ordinarily three-fourths to seven-eighths of an inch in width, in an iron framework set into the street so as to be about

level with the pavement, perhaps in some places a little higher; that, at the time of the accident, Trauber was driving the horse and the plaintiff was seated in the buggy by his side; that a car approached them from behind going west; that, in order to drive off from the track so as to let the car pass, Trauber turned the horse so as to describe a sort of circle; that, while crossing the iron which contains the slot, one of the wheels of the buggy sank down into it; that the horse thereby took fright and tore loose from the buggy; and that the plaintiff and Trauber were thrown out of the buggy and the plaintiff considerably hurt, one of his arms being dislocated at the elbow. The plaintiff's evidence also tended to show that he did not know that the slot was so wide at any place as to admit the wheel of a buggy. The plaintiff also gave evidence to the effect that the defendant's superintendent, about a week after the accident, admitted to him that the slot was too wide at several places along the line. No objection was made to this evidence, and the plaintiff was cross-examined by the defendant's counsel touching it. The plaintiff's evidence showed that the tire of the wheel of the buggy was an inch and a quarter in width, and his evidence tended to show that this was wider than the tires of the wheels of such buggies usually are; and the evidence generally was to the effect that it was an ordinary buggy of its class. No ordinance of the city authorizing the construction of the defendant's railway, or prescribing the width at which the slot shall be maintained, was offered in evidence.

The court submitted the case to the jury upon instructions which required them to find for the plaintiff, if they should find that the defendant, through the want of ordinary care, allowed the slot in its roadbed to become "wider than the reasonable requirements of operating its road required." The court also submitted to the jury the question of the contributory negligence of the plaintiff, upon an instruction which in itself was well drawn.

There was a verdict and judgment for the plaintiff in the sum of five hundred dollars.

I. The first point made by the appellant is, that the petition states no cause of action, inasmuch as it fails to allege that the defendant had notice or knowledge that the slot was dangerously wide at the place of the injury. There is no rule of pleading in this state which requires the plaintiff in such an action to make such an allegation. *Hall v. Railroad*, 74 Mo. 298; see also *Thorpe v. Railroad*, 89 Mo. 650, 655.

II. The next assignment of error is, that the case should have been taken from the jury, because the plaintiff's own testimony and that of his witnesses established the fact that his injuries were the direct result of his own negligence. We do not so understand the testimony. The testimony tends to show that the fact that the slot in such a railway track is wider at a particular place than usual would not ordinarily be perceived by a person driving in a buggy. There was no evidence tending to show that the plaintiff knew that the slot at any place was so wide that his buggy-wheel would be apt to run into it if driven parallel with it, and his own testimony was to the effect that he did not know this. A traveler driving along an improved public highway may rightfully presume, in the absence of notice or knowledge to the contrary, that it is reasonably free from obstructions or dangerous pitfalls and in a reasonably safe condition for public travel; and while he may not recklessly cast himself upon visible or known obstructions, or, taking his chances of safety, attempt to pass dangerous places which are apparent to him, or even fail to make ordinary use of his faculties with the view of discovering any obstructions which may exist, without incurring the imputation of contributory negligence—yet no respectable judicial authority can be adduced in support of the proposition that a traveler conclusively incurs this imputation by reason of so driving his buggy that its wheels sink into an aperture of this kind, not known to him to be negligently wide or

dangerous. Beyond this, the evidence shows that the plaintiff was not driving the buggy, but that his companion was; and even if the buggy was negligently driven, unless the plaintiff had control of the movements of the driver at the time, which does not appear, the negligence of the driver would not be conclusively imputed to the plaintiff. The doctrine of *Thorogood v. Bryan* ( 8 C. B. 115 ), by which the negligence of the driver of a vehicle is imputed to the passenger therein, is now thoroughly overthrown both in England and America.

It may not be out of place to observe that the only error committed by the trial court touching the question of contributory negligence, was the error of submitting it to the jury at all, since it was not pleaded. It is only where a conclusive inference of contributory negligence arises out of the plaintiff's own testimony or that of his witnesses, either on their direct or their cross-examination, that contributory negligence will bar his recovery, although not pleaded. *Milburn v. Railroad*, 86 Mo. 104 ; *Buesching v. Gas Light Co.*, 73 Mo. 219, 229. In other cases contributory negligence is an affirmative defence, to be pleaded and proved by the defendant, in order to entitle him to have it submitted to the jury ( *Donovan v. Railroad*, 89 Mo. 147, 150 ; *Matthews v. Railroad*, 26 Mo. App. 75, 83 ; *Fell v. Coal Mining Co.*, 23 Mo. App. 217) ; and if it is not so pleaded and proved, and is nevertheless submitted to the jury, the case falls within the rule that it is error to submit to the jury an issue not made by the pleadings. We allude to this ruling, not by way of unnecessary criticism, but to show that the case was tried with even undue attention to the rights of the defendant.

III. The next assignment of error is, that there was a total absence of evidence as to the time when the slot at the place where the plaintiff was injured first widened out so as to become dangerous, within the meaning of the rule which would impute knowledge to the defendant of the defect from the mere lapse of

time. The plaintiff's evidence tended to show that the defendant's superintendent knew that the slot had become too wide at several places along the line. This general knowledge, if it existed, supplied the necessity of proof of a particular knowledge that the slot was too wide at the particular place where the accident happened. This doctrine of notice is usually applied in favor of municipal corporations, and in the case of obstructions or defects in their highways which occur through sudden accidents, breakages, or disruptions. It is to be observed that the defendant claims the right to be put in this regard in a position as favorable as the city itself would occupy, and this without showing any license whatever to maintain this kind of a railway in the public streets. Assuming, if we are at liberty to assume, in the state of the pleadings, that the defendant has such a license, then it must follow, upon well-settled grounds, that it is under an affirmative and continuing duty of inspection, of a very exact nature, in order to prevent the peculiar kind of a railway track which it has constructed from becoming, as in this case, a nuisance dangerous to public travel. On another ground this does not seem to be a proper case for requiring the plaintiff to produce such evidence. The law does not, in general, drive a party to the doing of an impossible thing. This defect was not a defect so visible and apparent to ordinary travelers on the street as to become the subject of observation. It was rather in the nature of a latent or obscure defect, which would, in general, not be discovered, except by such an inspection as it was incumbent upon the defendant to make and to maintain. From the nature of the case, it would, therefore, be in most cases impossible for a traveler, injured as the plaintiff was, to prove at what time the defendant became aware of the defect, or at what time the defect itself commenced. In this case the evidence is entirely consistent with the conclusion that the defect was inherent in the original construc-

tion of the railway, and such was probably the case.

We were appealed to on the argument to define the rights of the proprietors of this new mode of transit in respect of the use of the public streets. This record does not disclose the fact that this defendant had any such right at all, and it, therefore, does not call for any observation on our part in response to this request. But we may perhaps be at liberty to say that the city of St. Louis holds its streets in trust for the use of the inhabitants of the state as public highways; that it is bound itself to exercise ordinary care to the end of keeping them in a reasonably safe condition for this purpose; that it can neither negligently permit, nor affirmatively authorize, such a use of them as will create nuisances in them, dangerous to public travel; and that if the proprietors of this new mode of transit cannot maintain their roadways without creating such nuisances in the street, they must answer for damages to travelers injured, or not maintain them at all.

The judgment will be affirmed. It is so ordered. All the judges concur.