MURRAY, *Appellant*, v. THE ST. LOUIS CABLE AND WESTERN RAILWAY COMPANY.

Master and Servant : NEGLIGENCE OF FELLOW-SERVANT. The grip-man of a cable car employed upon it in operating it is a fellow-servant of a watchman of the company whose duty it is, from his station on the ground, to keep watch of cars as they approach a curve and give signals to the gripman to prevent more than one train from passing the curve at a time. They are servants employed in the same common employment, and a recovery cannot be had for an injury to the watchman caused bv the negligence of the gripman in operating the car.

| 98 | 573 |
| 46a | 170 |
| 98 | 573 |
| 48a | 364 |
| 98 | 573 |
| 109 | 379 |
| 109 | 402 |
| 98 | 573 |
| 115 | 99 |
| 98 | 573 |
| 119 | 221 |
| 98 | 573 |
| 121 | 659 |
| 98 | 573 |
| 129 | 519 |
| 98 | 573 |
| 150 | 180 |
| 98 | 573 |
| 153 | 396 |
| 153 | 397 |

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

*A. R. Taylor* for appellant.

(1) The deceased was not a fellow-servant with the negligent gripman, because his duties pertained only to guarding the track. A trackman has been repeatedly held by this court not to be a fellow-servant with men operating a train. Such has been the doctrine in this state continuously, since *Lewis v. Railroad*, 59 Mo. 495, followed by *Hall v. Railroad*, 74 Mo. 301. And the doctrine is emphatically reasserted in the recent case of *Sullivan v. Railroad*, 97 Mo. 119–120, which latter case, we submit, is precisely in point with the case at bar.

*R. H. Kern* for respondent.

The case of *Sullivan v. Railroad*, 97 Mo. 119, relied upon by appellant, is not decisive of this case. It was the duty of plaintiff's decedent to stand at the

corner and assist directly and immediately in the operation of the cars as they were managed by the gripman and conductor around the curves, and he was as much engaged in the operation of the car that injured him as was the gripman and conductor. He was not a track watcher, as appellant would have us believe, but was there for the purpose of operating the cars around the curves. It was just as much his duty to assist in operating as it was the gripman's duty to assist in managing the grip whilst it pulled the car around. "All are fellow-servants who are engaged in the transaction of the same common work, leaving no dependence upon or relation to each other except as co-laborers without rank, under the direction and management of the master himself, or of some servant placed by the master over them." *Moore v. Railroad*, 85 Mo. 588.

BLACK, J.—This is a personal damage suit, and the only question is, whether the court erred in sustaining a demurrer to the evidence at the close of the plaintiff's case.

The defendant owned and operated a cable street railroad in the city of St. Louis, and the plaintiff's husband, James Murray, was in the defendant's employ as a watchman at the corner of Fourteenth and Wash streets. The defendant's two tracks at that point make a short curve. It was the duty of Murray to guard the crossing and to prevent injuries to persons crossing the tracks, and to signal the approaching cars to stop and start, so that they would not pass each other upon the curve. Beyond this, he had nothing to do with the operation of the cars. The evidence tends to show that in the night time and while Murray was in the discharge of his duties at the curve, he signaled two of defendant's approaching cars, the one to stop and the other to move on around the curve. The car signaled to stop, through the negligence of the gripman in charge of it, failed to

stop, and the gripman let it go forward until it ran over and killed Murray. Murray was exercising ordinary care.

The only question presented by this statement, is whether the negligent gripman and the deceased were fellow-servants within the rule that exempts the master from liability for injuries occasioned by one servant to a fellow-servant. The defendant cites and relies alone upon the case of *Moore v. Railroad*, 85 Mo. 588. In that case, the plaintiff was a car repairer and was injured by the negligence of his foreman. The principle which that case turned upon was this, that where the master has entrusted to a foreman power to superintend, direct and control work, the foreman in the exercise of such powers intrusted to him is a representative of the master, and for that reason not a fellow-servant. There is no evidence in this case that the gripman occupied the position of a vice-principal, and of course the plaintiff here cannot recover on any such ground.

The plaintiff cites and relies alone upon *Lewis v. Railroad*, 59 Mo. 495 ; *Hall v. Railroad*, 74 Mo. 301 and *Sullivan v. Railroad*, 97 Mo. 114. In the *Hall case* the plaintiff, who was switchman, brought his suit to recover damages for injuries received by reason of a loose iron rail left upon the track by the negligence of a section foreman. It was there said : " The principal ground relied upon for a reversal of the judgment which the plaintiff recovered is, that a switchman and a section foreman are fellow-servants. Adjudications of the courts of other states of the union sustaining the appellant's position are cited by counsel, and, whatever our opinion might be, if it were a question of the first impression in this court, the contrary was held in *Lewis v. Railroad*, 59 Mo. 495, and the doctrine of that case has been adhered to by this court, and we are not inclined to depart from what must, therefore, be now accepted as the rule settled on that subject in this state."

The case of *Condon v. Railroad,* 78 Mo. 567, which is cited in the *Sullivan case,* was a suit by a brakeman to recover damages occasioned by reason of a defective hand-hold on the top of a box car. The court in that case observed: "The third refused (instruction) declares that car inspectors at the intermediate stations were fellow-servants of plaintiff, and that if the proximate cause of plaintiff's injury was attributable to any want of care or caution on their part, defendant was not liable. Car inspectors are not co-employes with trainmen. *Long v. Railroad,* 65 Mo. 225."

These observations must be considered in the light of the facts then before the court, and of the cases which are there cited. When this is done it will be seen that the *Hall* and *Condon cases* turn upon the principle of law that it is the duty of the railroad company to furnish a safe road and cars. This duty requires the company to use due care in keeping the road and cars in repair. If this duty is devolved upon servants, their negligence in respect thereto is the negligence of the company. The doctrine sometimes asserted, that when the company employs competent inspectors and repairers, it is not liable for injuries resulting to employes through the negligence of such inspectors and repairers, is denied in *Long v. Railroad, supra;* and the doctrine is there asserted that the carelessness of such persons in the performance of such duties is not put upon the footing of that of a fellow-servant, but such negligence is that of a representative of the company—the negligence of the company itself. And to the same effect is *Bowen v. Railroad,* 95 Mo. 273 and other cases.

There is in the present case no evidence of or claim that defendant failed to use proper care in respect of any of the appliances, and the cases cited by plaintiff are without application, lest it be the case of *Sullivan v. Railroad, supra.* In that case, the husband of the plaintiff was a track walker, and was run over and killed

by reason of the negligence of the engineer and fireman of a through passenger train. It was held in one branch of the case that the engineer and fireman were not fellow-servants with the track walker, because engaged in different departments of the general business of the defendant. But it is difficult to see how that case can help the plaintiff here. It was the duty of Sullivan to walk back and forth over a section of four miles, and to see that his section of the road was in repair. He had nothing to do with the operation of the train, and he and the trainmen were under different directing agents of the company. Here it was the duty of the deceased to keep watch of the cars as they approached the curve, and to give signals to the gripmen, so that only one train should pass the curve at a time. The negligent gripman and the deceased were both employed in operating the car, one from the car and the other from his station on the ground. They were engaged in the same department of work, and their common business was such that one could exercise a preventative care over the other. They were evidently servants employed in the same common employment.

The writer of this, and the opinion in the *Sullivan case*, feels in duty bound to say that the cases cited in that case, when properly considered, do not sustain the doctrine there announced, namely, that the servants are not in the same common employment when engaged in different departments of the general business of the company. The cases cited stand on the ground that it is the duty of the master to use due care in furnishing the instrumentalities with which the servant is to perform his work, and that duty is personal to the master. It does not follow, however, that the ruling in the *Sullivan case* is to be disturbed. The majority of the courts, it is believed, hold that servants are in a common employment when they are engaged under the same master in the same general business.

VOL. 98—37

Ex parte Clay.

The rule of exemption as declared in the case of *Farwell v. Railroad*, 4 Met. (Mass.) 49, and followed in many other cases, has been much modified in this state, in so far as it relates to servants occupying different grades, so that the master is liable for the negligence of those who are clothed with power to superintend and direct subordinates. *Smith v. Railroad*, 92 Mo. 359. Many well considered cases go still further and restrict the exemption of the master from liability to those cases where the servants are engaged in the same department of the general business, and are in a position to have an influence over each other's conduct. *C. & N. W. Railroad v. Moranda*, 93 Ill. 302. Other cases in that court are collected in 1 Shear. & Red. on Neg. (4 Ed.) sec. 238. See also *Cooper v. Mullin*, 30 Ga. 150 ; *Railroad v. Jones*, 9 Heiskell, 27 ; *Northern Pacific Railroad v. O'Brien*, 21 Pac. Rep. 32. But under either line of authorities, the plaintiff in the present case cannot recover, and we say no more upon the subject at the present time.

The judgment is therefore affirmed. RAY, C. J., absent; the other judges concur.