Cummings v. Collins, et al.

DOMINICK CUMMINGS, Appellant, *vs.* JAMES COLLINS, *et al.;* Respondents.

1. *Damages—Risks assumed by servant out of his employment—Knowledge and means of knowledge—How pleaded.*—The master is not liable for any injury resulting from causes open to the observation of the servant and which it requires no special skill or training to foresee are likely to occasion him harm, although the undertaking be out of the line of his employment. But where the injury results from defects unknown to the servant, but known to the master or ascertainable by ordinary care on his part, and for the knowledge of which the servant does not have equal opportunities, the master will be liable.

If the existence of the defect were really unknown but should have been known, the fact that the servant had equal means of knowledge is a matter of defense and need not be negatived by the petition.

*Appeal from St. Louis Circuit Court.*

*S. S. Merrill,* for Appellant.

I. The defendants must use proper care in order to see that the floors are of sufficient strength to support any machine, which it was necessary to move over or upon them. (Cooper vs. Hamilton Manuf. Co., 14 Allen, 193; Devitt vs. Pac. R. R., 50 Mo., 302; Coombs vs. New Bedf. C. Co., 102 Mass., 584; Cayser vs. Taylor, 10 Gray, 274; Seaver vs. Bost. & Maine R. R., 14 Gray, 466; Snow vs. Housatonic R. R., 8 Allen, 441; Gilmore vs. Eastern R. R., 10 Allen, 233.)

II. The defendants did not employ a sufficient number of servants. (Skipp vs. Eastern Counties R. R. Co., 9 Exch., 223; Fifield vs. Northern R. R., 42 N. H., 235; Shearm. & Redf. Negl., 94; Griffith vs. Gidlore, 3 Hurlst & N., 648; Peterson vs. Wallace, 1 Macq. H. L., 748.)

III. Bearing in mind that the only rule, under which the master claims exemption, is *volenti non fit injuria,* and the further maxim—*cessante ratione legis cessat ipsa lex*—the defendants are liable, though the plaintiff feared danger in the work, because plaintiff was an unskilled workman, and therefore not guilty of negligence in exposing himself to this danger. (Noyes vs. Smith, 28 Vt., 59; Connally vs. Poillon, 41 Barb., 369; Addison Wrongs, 331; Bartonshill Coal Co., vs. Reid, 3 Macq., 294; Weems vs. Matthison, 4 Macq. H. L. C., 215; Bartonshill Coal Co. vs. McGuire, 3 Macq., 295;

Britton vs. Great W. Cotton Co., 41 Law Jour. [N. S. Exch.,] 99 ; Brothers vs. Cartter, 52 Mo., 376.)

(*b.*) He worked under the express and repeated order of his employers. (Ind. & Cin. R. R. vs. Love, 10 Ind., 256 ; Hill. Torts, 270 ; Bartonshill Coal Co. vs. McGuire, 3 Macq., 295 ; Ryan vs. Fowler, 24 N. Y., 414.)

(*c.*) He protested against this work. A man cannot be *volens* where he is *protestans.* (King vs. Chicago, R. I. R. R., 32 Iowa, 357 ; Shearm. & Redf. Negl., 96 ; Marshall vs. Stewart, 33 Eng. Law & Eq., 1.)

(*d.*) This work in the manner of its execution was out of the line of plaintiff's employment.* (Frost vs. U. Pac. R. R., 11 Am. Law Reg., [N. S.] 101 ; Fifield vs. Northern R. R., 42 N. H., 240 ; Chicago & Grt. East. R. R. vs. Harney, 28 Ind., 28.)

IV. The question whether the plaintiff was negligent, on account of any knowledge on his part of the danger, is solely for the determination of a jury. (Snow vs. Hous. R. R., 8 Allen, 450 ; Holmes vs. Clark, 6 Hurl. & N., 349 ; Britton vs. Grt. W. Cotton Co., 41 Law Jour. [N. S. Exch.], 99 ; Coombs vs. New Bed. C. Co., 102 Mass., 585 ; Reed vs. Northfield, 13 Pick., 94 ; Whittaker vs. West Brighton, 97 Mass., 273 ; Barton vs. St. L. & I. M. R. R., 52 Mo., 253.)

*S. N. Holliday,* for Respondents.

I. The servant cannot recover for injuries sustained while in his master's employ by reason of any defects or acts of negligence, which, by their very nature, require no skill to understand or avoid ; injuries arising from such defects and acts of negligence are those necessarily incident to the servant's employment, and the risk of which the servant necessarily takes upon himself when he enters the service. (Shearm. & Redf. Negl., § 88 ; Hill. Torts, [4th Ed.] 456, 457 ; Young vs. N. Y. Cent. R. R., 30 Barb., 229 ; Gibson vs. Pac. R. R., 46 Mo., 169 ; Farwell vs. Boston & Worc. R. R. Co., 4 Metc., 57.)

The servant cannot recover of his master for injuries sustained by him while in the latter's employ, if the servant had

the same knowledge or means of knowledge that the master had, or could have had, of the defects of machinery or appliances which are complained of as the cause of the injury. (Wright vs. N. Y. Cent. R. R.. 25 N. Y., 565; Warner vs. Erie R. R. Co., 39 N. Y., 471; Noyes vs. Smith, 28 Vt., 63; Hutchinson vs. S. Railw. Co., 5 Well. Hurl. & S., 352; Gilman vs. Eastern R. R. Corp., 10 Allen, 233, 239.)

II. Where defective machinery or appliances are alleged as the cause of an injury, in a suit of a servant against his master, it is necessary to allege knowledge, or lack of knowledge, through carelessness on the part of the master, and want of knowledge of the servant of such defects. (McDermott vs. Pac. R. R., 30 Mo., 115; Harper vs. Ind. & St. L. R. R., 47 Mo., 567.)

This is so well settled by the decisions of our own Supreme Court, as to make it unnecessary to cite other authorities.

III. A servant cannot recover of his master, for injuries sustained by him, which happened while he was doing work which the servant knew was outside of his contract and not required thereby.

This is the direct inference of the cases where servants have recovered for injuries sustained, while exposed to hazards not contemplated by their employment. (Coombs vs. New Bedford Coal Co., 102 Mass., 572; Davies vs. England, 10 Jur., [N. S.] 1235; Sherm. & Redf. Negl., § 93.)

The only exception to this rule has been made in a case where the servant injured was a child of immature years. (Railroad Company vs. Fort, 17 Wall., 553.)

HOUGH, Judge, delivered the opinion of the court.

This was an action for damages for personal injuries sustained by the plaintiff. The petition alleged that the plaintiff was employed as a common laborer by the defendants, who were proprietors of a certain iron foundry, in the city of St. Louis; that on the 31st day of March, 1873, the defendants ordered the plaintiff to assist three other men in rolling a large iron wheel, weighing many hundred pounds, from

one place to another in said foundry; that said order was improper, as said wheel was too large to be rolled by four men; that the service thus required of plaintiff, was out of the line of his employment and exposed him to dangers not contemplated by his contract; that he had never received nor executed such an order before; that plaintiff protested against undertaking said work, but said order having been repeated, he undertook its execution; that the designated line of passage for said wheel was obstructed with various heavy articles; that there was a concealed hole in the floor of said foundry along the line where said wheel was ordered to be rolled, the existence of which was unknown to plaintiff, but was known, or should have been known, to the defendants; and, in the execution of said order said wheel was necessarily rolled over said hole, and fell into the same and against and upon the plaintiff, breaking his leg and inflicting other injuries of a permanent character.

The petition further formally alleged that the injury to plaintiff was caused by defendants' fault and negligence in ordering plaintiff to roll a wheel, which was too large to be rolled by hand; in failing to provide sufficient number of men to assist plaintiff in rolling said wheel; in requiring plaintiff to perform a service out of the line of his employment; in requiring said wheel to be rolled along a passage way too narrow to enable the men rolling it, to control it; in failing to cause the obstructions in the line of passage of said wheel to be removed; and in permitting said hole to remain in the floor of said foundry.

The defendant demurred on the ground that the petition did not state facts sufficient to constitute a cause of action. Final judgment was entered on the demurrer in favor of the defendants, which was affirmed at general term, and plaintiff has appealed to this court. The defendants are not liable for any injury resulting from causes open to the observation of the plaintiff, and which it required no special skill or training to foresee were likely to occasion him harm, although he was at the time engaged in the performance of a service which

he had not contracted to render. When a servant of mature years undertakes any labor outside the duties he has engaged to perform, the risks incident to which are equally open to the observation of himself and the master, the servant takes upon himself all such risks. But notwithstanding the plaintiff assumed all the risks ordinarily incident to the execution of the order given him. yet the defendants are liable for any damages for an injury resulting from a defect in the floor at the place where the service required was to be performed, the existence of which was known to them, but unknown to plaintiff, or would have been known to them had they used ordinary care, and for knowing which the plaintiff did not have equal opportunities with the defendants. If the existence of the defect was really unknown, but should have been known, the fact that the servant had equal means of knowledge, is a matter of defense, and need not be negatived in the petition.

We are of opinion that the petition stated a cause of action, and that the court erred in sustaining the demurrer. The judgments at general and special term will therefore be reversed, and the cause remanded. All the other judges concur, except Judge Vories, who is absent.