NOAH MUSICK, Respondent, v. JACOB DOLD PACKING COMPANY, Appellant.

Kansas City Court of Appeals, May 14, 1894.

1. **Master and Servant:** DUTY OF MASTER: OWNER OF PREMISES. The master must furnish the servant a place where the work is to be carried on that is reasonably safe. This duty is likewise imposed upon the master as the owner of the premises by the general law for the protection of all persons lawfully there.

2. ———: ASSUMPTION OF RISK: BURDEN OF PROOF. The servant by his contract of employment assumes all the usual and ordinary hazards of the business and in an action for injury by reason of the master's negligence, it devolves upon the servant to prove that the master failed in his legal duty, that the defects were not obvious and were unknown to him, but the master might have known thereof, or, if the defects are obvious, he did not fully appreciate them for want of time, or the increased danger was not so imminent as to require the abandonment of the service.

3. ———: ———: CONTRIBUTORY NEGLIGENCE. If the servant knows that there is an open pit fall or tank in the floor of a room that is so dark that its location can not be discovered, and enters such room to perform some service, he assumes the danger incident thereto because it is perfectly obvious to the sense of any man.

4. ———: NEGLIGENCE: OPEN TANK IN DARK ROOM. If the master sends the servant into a dark room with an open tank in it, which tank, to the servant's knowledge, is usually covered, without informing the servant that it is uncovered, he is guilty of negligence.

5. ———: ———: ———. An instruction making the fact that a cover had been provided for the tank which in place rendered it reasonably safe for employees, is faulty in omitting the question of whether the cover was in place at the time of the injury; and the negligence in leaving the cover off in this case is negligence of the defendant.

6. ———: ———: PROXIMATE CAUSE. The fact that on entering the room the plaintiff slipped on a piece of ice and fell is only a contributing cause to his injury and not a direct and proximate cause which was the uncovered and unprotected tank; and an instruction submitting the slipping on the piece of ice to the jury was properly refused because it was not supported by the evidence and was not the sole cause of the accident; and had it been, the plaintiff could not recover on the allegation of his petition.

7. ———: FELLOW SERVANT: DIFFERENT DEPARTMENT. Plaintiff was the foreman of the defendant's shipping department. The tank in which plaintiff was scalded was left open by the carpenters who were completing it and who were not under the plaintiff's charge. *Held,* plaintiff and the carpenters were not fellow servants, being engaged in different departments of the defendants' general business.

8. ———: ASSUMPTION OF RISK: OPEN VAT: CONTRIBUTORY NEGLIGENCE. Plaintiff in this case did not assume the risk arising from leaving the tank uncovered and unguarded which increased the hazards incident to his work; and he had a right to presume that all proper attention had been given to his safety, and was not, on the facts of this case, guilty of contributory negligence.

*Appeal from the Jackson Circuit Court.*—HON. J. V. C. KARNES, Special Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) In this case there were no defective appliances or machinery, which might or might not prove to be dangerous, upon being used. The condition of the ice plant and dip vat was perfectly well known to the

plaintiff, the danger, if any, continuous and perfectly obvious. Under such a state of facts plaintiff is not entitled to recover. *Roddy v. Railroad*, 104 Mo. 234; *Price v. Railroad*, 77 Mo. 508; *Porter v. Railroad*, 71 Mo. 66; *Devitt v. Railroad*, 50 Mo. 302; *Thorpe v. Railroad*, 89 Mo. 650; *Thomas v. Railroad*, 109 Mo. 187; *Harris v. Railroad*, 40 Mo. App. 255; *Watson v. Coal Co.*, 52 Mo. App. 366; *Gleeson v. Mfg. Co.*, 94 Mo. 201. (2) Plaintiff, knowing of the dip vat, was guilty of contributory negligence in walking into it, without using his senses for his own protection. Beach on Contributory Negligence, sec. 37; Buswell on Law of Personal Injuries, sec. 144; *The Sir Garnett Wolseley*, 44 Fed. Rep. 896; *Taylor v. Mfg. Co.*, 143 Mass. 470; *Hutchins v. Express Co.*, 61 Mich. 252; *Bruker v. Town of Covington*, 69 Ind. 33; s. c., 35 Am. Rep. 202; *Railroad v. Whitacre*, 35 Ohio St. 637. (3) The court erred in refusing to give the following instruction asked by the defendant in reference to the cover of the vat. *Bowen v. Railroad*, 95 Mo. 268; *Bohn v. Railroad*, 106 Mo. 430; *Kehoe v. Allen*, 52 S. W. Rep. 740; *Ling v. Railroad*, 52 N. W. Rep. 378; *Bolton v. Railroad*, 10 S. E. Rep. 352; *Ross v. Walker*, 21 Atl. Rep. 157; *Creegan v. Marston*, 27 N. E. Rep. 952; *Peschel v. Railroad*, 62 Wis. 338; *Kelly v. Norcross*, 121 Mass. 508; *Colton v. Richards*, 123 Mass. 484; *Hoar v. Merritt*, 29 N. W. Rep. 15; *Armour v. Hahn*, 111 U. S. 313; *Frazier v. Lumber Co.*, 47 N. W. Rep. 785; *Bern v. Null*, 65 Iowa, 407; *Butler v. Townsend*, 26 N. E. Rep. 1017. (4) The court erred in refusing to give the following instruction asked by defendant in reference to plaintiff slipping on piece of ice. Shearman & Redfield on Negligence, sec. 707; *McAlpin v. Powell*, 70 N. Y. 126; *Railroad v. Meyers*, 55 Texas, 110; *Felch v. Allen*, 98 Mass. 572; *White v. Sharp*, 27 Hun, 94; *Ivay v. Hedges*, 9 L. R. Q. B. Div. 80; *Moran v. Brown*, 27

Mo. App. 487; *Kountz v. Railroad*, 18 Am. and Eng. R. R. Cases, 85; *Fanjoy v. Scales*, 29 Cal. 243; *Stinson v. Gardner*, 42 Me. 248; *Young v. Mattress Co.*, 44 N. W. Rep. 693; *Rutledge v. Railroad*, 19 S. W. Rep. 38. (5) If the plaintiff slipped upon a piece of ice and in that way slipped into the dip vat, the slipping upon the ice was the proximate cause of the injury, not the absence of railings, and the ice having been left there by a fellow servant, plaintiff is not entitled to recover. Bishop on Non-Contract Law, sec. 41; 16 Am. and Eng. Encyclopedia of Law, 446; Shearman & Redfield on Negligence, ch. 2; *Stanley v. Union Depot Co.*, 21 S. W. Rep. 837; *Cincinnati Railroad v. Mealer*, 50 Fed. Rep. 725; *Mathiason v. Mayer*, 90 Mo. 585; *Walker v. Railroad*, 128 Mass. 8; *Gilliland v. Railroad*, 19 Mo. 411; *Brown v. Railroad*, 20 Mo. App. 222; *Moulton v. Sanford*, 51 Maine, 127; *Relyea v. Railroad*, 19 S. W. Rep. 1116; *Williams v. Railroad*, 24 S. W. Rep. 782.

*Jas. H. Harkless* and *A. S. Marley* for respondent.

(1) It is the duty of the employer to provide for his servants good, safe and properly constructed machines and implements for carrying on his business and use reasonable care and precaution for the safety of the employees. *Porter v. Railroad*, 71 Mo. 76; *Whalen v. Centenary Church*, 62 Mo. 326; Shear. & Red. on Neg. [3 Ed.], sec. 93; *Shumacher v. Railroad*, 39 Fed. Rep. 174; *Leonard v. Collins*, 70 N. Y. 90; *Smith v. Car Works*, 60 Mich. 501; *Ice Co. v. Keefer*, 26 Ill. App. 466; *Ferren v. Railroad*, 143 Mass. 199; *Railroad v. Jarvi*, 3 U. S. C. C. A. 435. (2) If the plaintiff is in the exercise of ordinary care and prudence and the injury is attributable to the want of a rea-

sonable protection around the vat conspiring with some accidental cause, the defendant is liable. *Bassett v. City of St. Joseph*, 53 Mo. 290; *Hull v. The City of Kansas*, 54 Mo. 601; *Brennan v. The City of St. Louis*, 92 Mo. 486; *Yocum v. City of Trenton*, 20 Mo. App. 496; *Brink v. Railroad*, 17 Mo. App. 178. (3) The simple fact that he knew there was no railing around the vat would not preclude a recovery by plaintiff if he was precipitated into it without fault on his part. *Loewer v. The City of Louis*, 77 Mo. 444; *Buesching v. Gas Co.*, 73 Mo. 226. (4) If the servant incurs the risk of machinery, which, though dangerous, is not so much so as to threaten immediate injury or where it is reasonable to suppose it may be safely used with great care or skill, mere knowledge of the defect will not defeat a recovery. Negligence on the part of the servant in such cases does not arise from his knowledge of the defect but it is a question of fact to be determined from such knowledge, and other circumstances in evidence. *Fugler v. Bothe*, 22 S. W. Rep. 1115; *Huhn v. Railroad*, 96 Mo. 447, and cases cited; *Soeder v. Railroad*, 100 Mo. 681; *Huhn v. Railroad, supra*. (5) Musick had a right to presume that all proper attention would be given to his safety, and he would not be carelessly and needlessly exposed to risk not necessarily resulting from his occupation and which might be prevented by ordinary care and precaution on the part of his employer. *Blanton v. Dold*, 109 Mo. 75; *Gibson v. Railroad*, 46 Mo. 163. This instruction was properly refused, because it wholly ignores the question as to where the cover was at the time of the accident, and simply says that if they provided one, then they are relieved, although the cover may have been in China, or not in use at all. (6) Appellant asserts that the court erred in refusing the instruction to the effect that, if the plaintiff slipped on a piece of ice left on the floor and the injury was occasioned

thereby, he can not recover. This instruction was properly refused. No such negligence was charged in the petition; the hole in the floor unprotected was the charge of negligence, the slipping on the ice or wet floor was the incident, and the negligence of defendant conspired with the accidental cause. The slipping on the ice or wet floor could not have produced the injury, but the neglect of defendant combined with the accidental cause (slipping) produced the injury. *Bassett v. St. Joe.* 53 Mo. 290; *Brennan v. City of St Louis*, 92 Mo. 486; *Hull v. City of Kansas*, 54 Mo. 601; *Yocum v. Trenton*, 20 Mo. App. 496; *Brink v. Railroad*, 17 Mo. App. 177. (7) If there is any evidence from which the jury might find negligence, they are the sole judges. *Rine v. Railroad*, 100 Mo. 228; *Tabler v. Railroad*, 93 Mo. 79; *Reichla v. Gruensfelder*, 52 Mo. App. 59. (8) We ask the court's special attention to the following case upon the question of Musick's not assuming the risk, and the proximate cause proposition. *Railroad v. Doyle*, 25 S. W. Rep. No. 4, Mar. 26, '94 at page 461.

SMITH, P. J.—This is an action which was brought by plaintiff against defendant to recover damages for personal injuries received by the former in consequence of the negligence of the latter. The plaintiff had judgment and defendant has appealed. The appealing defendant insists on a reversal of the judgment upon a number of grounds, the first of which is, that upon the facts disclosed by the evidence plaintiff is not entitled to recover.

It appears that the defendant is a corporation engaged in packing beef and pork and shipping the same. The plaintiff at the time he was injured was employed by the defendant in the capacity of foreman of the shipping department of its business. A short time previous to this defendant had erected a building

in connection with its packing house wherein was placed appliances, machinery, etc., for the manufacture of artificial ice. It further appears that in this building defendant maintained a tank filled with hot water heated by exhaust steam. The top of the tank was level with the floor and had no guard rail around it. On submerging the freezing cans the ice therein contained would be thawed loose and when raised out would fall on an inclined plane and slide down to the northwest corner of the building. There are two doors entering the building from the west. The hot water tank was located something like ten or twelve feet back from the front door nearest the southwest corner of the building. The plaintiff was present and assisted in starting the machinery for the manufacturing of the ice. He had been, according to his own testimony, in the building a dozen times or more between its commencement and the time of the accident. He had frequently sent the men under him in the building/ to get out ice. It seems that he must have known from observation the location of the hot water tank.

Although the ice plant, as it is called by the witnesses, was in operation, still it was not in every respect complete when the accident happened. The carpenters had not yet put in what is termed a "chair" which was to be used for letting the ice cans down into the tank and then lifting them out, etc. Until the chair was constructed and put in place, a temporary wooden contrivance had been made and used to cover the open tank when not in use. This cover seems to have been sufficient for the purpose. On the day of the injury Mr. Dold, the defendant's superintendent, ordered the plaintiff to enter the building and get out some ice that was lying on the floor to place in a refrigerator car that was standing on the railway track in front of the building.

The plaintiff testified that, "when I stepped into the door it was dark. The room was full of steam. I could not see and did not know exactly where the hole was, and the first I knew I slipped and I was right into the vat of water, boiling water. I did not come in contact with any railing or anything around the vat. I did not know how long the hole had been in that condition." "No one went into the ice plant with me. I heard some carpenters at work in there but saw no one. I expected to find the ice on the floor. I knew there was a vat there but could not see where it was. I knew the steam came from the vat and the ice. The first thing I knew after I got into the door I slipped and went right into the vat. I do not remember whether I slipped on a piece of ice or whether just on the slippery floor, my foot slipped under me—I knew the floor was always wet from the ice. I had seen ice lying around on the floor occasionally when I was in there."

The testimony of the carpenters who had been at work on the ice plant was, that they had preceded the plaintiff some fifteen minutes before the accident and had removed the cover in order to construct a railing around the tank. It does not appear that the plaintiff knew the tank cover had been removed by the carpenters.

The law enjoins upon the master the duty to furnish the servant a place where the work is to be carried on that is reasonably safe. This duty is not only enjoined by the law governing master and servant, but it is also imposed upon the master as the owner of the premises by the general law for the protection of all persons lawfully there. *Reichla v. Gruensfelder*, 52 Mo. App. 43; *Dayharsh v. Railroad*, 103 Mo. 570; *Siela v. Railroad*, 82 Mo. 430; *Covey v. Railroad*, 86 Mo. 632; *Dowling v. Allen*, 74 Mo. 13; *Gibson v. Rail-*

*road*, 46 Mo. 163. The obligation which the general law imposes upon the owner of premises to guard persons lawfully there against pitfalls, may be applied between master and servant, and a failure to comply with this legal duty might under the circumstances, in a given case, authorize a legal inference of negligence on the part of the master. *Dowling v. Allen*, 74 Mo. 13; *Ryan v. Fowler*, 24 N. Y. 410; *Watting v. Oastler,* L. R. 6 Exch. 74; *Ormand v. Holland*, 96 Eng. Com. Law, 100; *Nays v. Smith*, 28 Vermont, 59.

On the other hand the servant by his contract of employment assumes all the usual and ordinary hazards of the business. *Renfro v. Railroad*, 86 Mo. 302; Wood's Master and Servant, sec. 382. So it has been declared that in an action of this kind it devolves upon the servant to prove that the master failed in some legal duty which he owed to him. If he complains of defects in the instrumentalities of the business he must show either that the defects complained of were not obvious and were unknown to him, but that the master had knowledge thereof or might have had by ordinary inspection; or if the defects were obvious that the danger was not fully appreciated by him for want of time for consideration, or that the increased danger was not so imminent and threatening as to require him to abandon the service. *Keegan v. Kavanaugh*, 62 Mo. 230; *Cummings v. Collins*, 61 Mo. 520; *McDermot v. Railroad*, 67 Mo. 287; *Conroy v. Iron Works*, 62 Mo. 35; *Stoddard v. Railroad*, 65 Mo. 414; *Thorpe v. Railroad*, 89 Mo. 650; *Devlin v. Railroad*, 87 Mo. 545; *Huhn v. Railroad*, 92 Mo. 440; *Soeder v. Railroad*, 100 Mo. 673. In the dissenting opinion of Judge ROMBAUER, in *Fugler v. Bothe*, 43 Mo. App. 44, which was approved by the supreme court, 22 S. W. Rep. 1113—it is stated: "What is meant by a safe place which the master is required to furnish his servant to

work in or about, is not the obvious or patent safety or unsafety of the place because in the nature of things many kinds of labor have to be performed under conditions relatively unsafe and often dangerous.''

In this case the defendant to avoid needlessly exposing such of its employees as had occasion, in the course of their employment to enter the ice plant building to the risk of falling into the hot water tank, had provided a temporary cover for it until a sufficient guard should be constructed around it. At the time the plaintiff entered the building the employees operating the ice plant had quit work—they were not then present. He knew the machinery was not being operated, and had a right to assume the cover was on the tank. He did not know that it had been removed. Owing to the presence of the steam in the building he could not see whether it was on or off. If the plaintiff had known the tank was uncovered and with this knowledge he had ventured into the darkened building to do the work ordered by the superintendent he would have assumed the risk of the danger thus incurred.

If a servant knows that there is an open pitfall or tank in the floor of a room that is so dark that its location can not be discovered and with this knowledge enters it to perform some service there for the master, he will be held to assume the risk of the danger incident to such service because such a risk would be perfectly obvious to the sense of any man, whether servant or master. *Fugler v. Bothe, supra; Keegan v. Kavanaugh, supra.* It was manifestly the duty of the defendant to keep the tank either covered over or guarded when the ice machinery was not in operation. And as it was not in operation at the time plaintiff was ordered to enter the building, if it was to be uncovered for the purpose of constructing a guard around it, the

defendant should have notified the plaintiff of the fact and especially so since the blinding steam rendered it invisible. If the cover was not on the tank and the plaintiff knew it, the danger was both apparent and threatening. But since the plaintiff had a right to act upon the assumption that it was on, he can not be held to have assumed the risk that otherwise he would. There is evidence which tends to establish a breach of the defendant's duty to the plaintiff, and that in consequence thereof the plaintiff was injured without fault on his part.

The defendant complains of the action of the court in refusing to give its instruction numbered 13, which declared: "If the jury believe from the evidence that the defendant had provided a cover for the dip vat to be used until the chair and railing were completed, and that such cover when properly in place was reasonably safe for the employees in the discharge of their duties and in the exercise of ordinary care, then the court instructs the jury that the defendant is guilty of no negligence and your verdict will be for the defendant." We can not assent to the proposition asserted by this instruction. It certainly can not be that the bare providing alone of a cover for the tank which when properly in place though reasonably safe for employees discharging their duties with ordinary care, can be substituted for that performance of the duty by defendant which is enjoined upon it by law. Whether the cover was in place at the time of the injury was vital as affecting the question of the defendant's negligence and should have been embraced within the hypothesis of the instruction; otherwise it was misleading. Neither the construction of the chair nor that of the guard around the tank was part of the work intrusted to the plaintiff and which he had engaged to perform, and therefore plaintiff's case does

not fall within the rule of that class cited in *Bowen v. Railroad*, 95 Mo. *loc cit.* 277. If the act of the carpenters in leaving the tank uncovered under the circumstances was negligence, it was the negligence of the defendant.

The defendant further objects that the court below erred in refusing to direct the jury on its request that if the injury was occasioned by plaintiff slipping upon a piece of ice on the floor which had been left there by one of defendant's employees, there could be no recovery. There is no evidence adduced that the plaintiff slipped upon a piece of ice. The plaintiff himself testified that he did not know whether he slipped on a piece of ice or whether just on the slippery floor which was always wet. It was not shown that there was any ice at the time lying on the floor at the place where plaintiff slipped. The ice taken out of the cans was not deposited there. It was sent over an inclined plane to a part of the room where it could be conveniently loaded on the ice trucks.

Besides this, the negligence charged in the petition was that the defendant had maintained said vat in an unfinished and incompleted condition, etc. The facts embraced within the assumption of the instruction, if true, would not excuse the defendant from its liability to plaintiff for the injuries alleged to have resulted to plaintiff in consequence of the defendant's breach of duty. It is true that if the plaintiff had not slipped his limb would not have been plunged into the hot water tank. It is equally true, that though he slipped, the disaster would not have overtaken him had not the tank been uncovered. The slipping was not the sole cause of the injury. The latter would not have occurred except for the presence and coexistence of both causes. The cause of the plaintiff's slipping was altogether accidental. If it was the sole cause of the

injury the defendant is not liable. But the injury would not have resulted had not another cause combined with the accidental cause. If the plaintiff was in the exercise of ordinary care and prudence at the time he slipped and the injury is attributable to the absence of the cover over the tank together with the slipping, then the plaintiff should recover. If the direct and proximate cause of the injury was the uncovered and unprotected condition of the tank, then plaintiff would be entitled to recover though the slipping of the plaintiff contributed to the injury. *Bassett v. St. Joseph*, 53 Mo. 290; *Hull v. Kansas City*, 54 Mo. 598; *Brennan v. St. Louis*, 92 Mo. 482; *Buck v. Railroad*, 46 Mo. App. *loc. cit.* 566.

The plaintiff was the foreman in the shipping department of defendant. It was his duty to see that the refrigerator cars used in defendant's business were loaded and provided with ice. He had nothing to do with the construction of the building. The carpenters were not under him. Theirs was an independent employment. They were engaged in a different department of defendant's business. The plaintiff and the carpenters, who removed the tank cover, were no more fellow servants than are a car repairer and a train man in the employ of a railway company. The common employment did not make them fellow servants unless they were engaged in the same department of defendant's general business, which was not the case. *Sullivan v. Railroad*, 97 Mo. 113; *Condon v. Railroad*, 78 Mo. 567; *Hall v. Railroad*, 74 Mo. 298. The carpenters were not guilty of negligence in removing the cover from the tank, but were in leaving it unguarded.

Since the slipping of the plaintiff was not the sole cause of the injury it matters little whether the slip was occasioned by the negligence of a fellow servant or not. It was not as has been stated the direct and proximate

cause of the injury. This was the negligence of defendant in leaving the tank uncovered and unguarded in any way. The plaintiff certainly had not by reason of his employment assumed the risk arising from the leaving the tank uncovered and unguarded under the circumstances which the evidence tends to show. The removal of the cover of the tank and then leaving it in that condition without notice to plaintiff certainly increased the hazard incident of the work which plaintiff was required to perform in the building. The plaintiff had the right to presume that all proper attention had been given to his safety and that he was not carelessly and needlessly exposed to a risk like this which might have been prevented by ordinary care and precaution on the part of the defendant. *Blanton v. Dold*, 109 Mo. 64.

This case is a very close one on the facts, but we think that there was evidence sufficient to carry it to the jury under proper instructions, which were given. It was tried before an exceedingly careful and painstaking special judge, and with his rulings we can find no fault.

The judgment is for the right party and must be affirmed. All concur.